Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLENDI CUMANI, M.D., and ROLAND SHEHU, <br><br>   Plaintiff, <br><br>v. <br><br>CHRIS QUEEN, <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-CV-55-ABJ <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S MOTION FOR SANCTIONS FOR
### PLAINTIFFS' ONGOING VIOLATIONS OF THIS COURT'S DISCOVERY ORDERS
### (ECF NOS. 13 AND 14)

Pursuant to Rule 37(b)(2)(A)(ii)(iii), Federal Rules of Civil Procedure, defendant Chris Queen hereby moves for sanctions and states as follows:

*Background*

1. This is an action for alleged false arrest and malicious prosecution brought pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 2).  Plaintiffs were charged with violating certain hunting laws in 2019, and were tried on those charges in 2020.

2. Plaintiffs allege over $5,000,000.00 in damages in this case, consisting of both special damages (lost wages, lost income, damage to reputation and attorneys' fees incurred in the underlying criminal case) and general damages.[1]

3. The amount and type of special damages sought by plaintiffs are moving targets in this case:

 a. In their initial disclosures, plaintiffs only listed attorneys' fees in the criminal case. (*See* Plaintiffs' Initial Rule 26 Disclosures at 5, App. Ex. "A").[2] In violation of Rule 26(a)(1)(A)(iii), plaintiffs did not produce with their initial disclosures the "documents or other evidentiary material . . . on which each computation [of each category of damages]."

 b. Plaintiffs subsequently added a host of alleged special damages in response to written discovery. (*See* Blendi Cumani, M.D.'s Answers to Defendant's First Set of Interrogatories, No. 4, App. Ex. "B"; Roland Shehu's Answers to Defendant's First Set of Interrogatories, No. 4, App. Ex. "C").

 c. Plaintiff Cumani subsequently changed the alleged amount of his attorneys' fees and dropped a claim of lost wages associated with the criminal trial. (*See* Blendi Cumani, M.D.'s First Supplemental Answers to Defendant's First Set of Interrogatories, No. 4, App. Ex. "D" (unverified)).

 d. Plaintiff Shehu subsequently changed the alleged amount of his attorneys' fees and greatly increased the alleged amount of his alleged damages associated with the criminal trial (from $25,000 to $80,000). (*See* Roland Shehu's First Supplemental Answers to Defendant's First Set of Interrogatories, No. 4, App. Ex. "E") (unverified)).

---

[1] Plaintiffs allege general damages of $4,000,000.
[2] Citations to "App." are to the appendix of exhibits submitted herewith.

2

4. For several months, defendant has been trying to discover the amount of plaintiffs' damage claims and the documents substantiating their calculation of damages, as well as other documents related to those claims. (*See* Defendant's First Set of Interrogatories to Blendi Cumani, M.D., App. Ex. "F" (served June 12, 2023); Defendant's First Set of Interrogatories to Roland Shehu, App. Ex. "G" (served June 12, 2023); Defendant's Second Requests for Production to Plaintiff Cumani, App. Ex. "H" (served August 9, 2023); Defendant's Second Requests for Production to Plaintiff Shehu, App. Ex. "I" (served August 9, 2023); Defendant's Third Requests for Production to Plaintiff Cumani, App. Ex. "J" (served August 17, 2023); Defendant's Third Requests for Production to Plaintiff Shehu, App. Ex. "K" (served August 17, 2023).

5. Plaintiffs' discovery responses were hopelessly inadequate with respect to damages and other matters. Plaintiffs also ignored certain discovery served by defendants. Defense counsel conferred with plaintiffs' counsel as required by rule and expected by this Court, to no avail. Consequently, defendants were forced to resort to the Court for assistance.

6. Following an informal discovery conference on October 24, 2023, the Court entered an order requiring plaintiffs to fully respond to defendant's discovery by November 2, 2023. (*See* ECF No. 13).

7. Plaintiffs violated the Court's Order in several ways, including with respect to damages. As a result, the Court was required to hold a second discovery conference on November 7, 2023. The Court again ordered plaintiffs to provide all requested disclosures, this time by November 14, 2023. (*See* ECF No. 14). Further, the Court ordered that party depositions would not be taken until the discovery issues were resolved.[3] (*Id.*). Finally, the Court granted defendant permission to file a motion for sanctions. (*Id.*).

---

[3] Plaintiffs' depositions had been set for November 9 and 10, 2023, but had to be continued due to plaintiffs' violation of the discovery order of October 24, 2023.

8. On November 8, 2023, defense counsel emailed plaintiffs' counsel a letter listing some examples of the documents the Court's orders required them to produce. (*See* Miller letter to Booke, App. Ex. "M"). The letter expressly did not modify the orders or provide a comprehensive list of required documents. (*Id.*).

9. Plaintiffs nonetheless flouted this Court's second discovery order, as they had the first. The second court-ordered deadline of November 14, 2023 came and went. Plaintiffs continue to violate both of the discovery orders in the following respects:

Cumani

a. Cumani alleges lost income of $1,000,000 from an asserted delay in becoming certified as a hand and wrist surgeon.[4] (*See* App. Ex. "D" at No. 4). Despite being ordered to do so (and being required to do so with his initial disclosures), Cumani still has not produced any documents upon which that computation of damages is based. (*See* App. Ex. "H" at No. 1). Cumani provided a meaningless unsworn paper from a "controller", dated long after the damages were asserted, and has not even produced the documents upon which the paper is based.[5] (*See* "Controller" document, App. Ex. "L").

b. Cumani asserts damages to reputation of $250,000. (*See* App. Ex. "D" at No. 4). Cumani has not produced a single item on the subject, let alone anything substantiating his supposed calculation of the alleged loss.

---

[4] Cumani apparently claims that the underlying criminal case somehow interfered with his ability to get board certification. The event at issue was in 2019; the trial was in 2020; Cumani was certified in 2022. W-2s finally produced by Cumani show that he actually made more in 2021, before he was certified, than 2022, after he was certified.

[5] The document does not list any loss. (*See* App. Ex. "L"). The document, whatever its import, does not begin to substantiate a claim for $1,000,000 in damages.

  c. Cumani has not produced any tax returns.  (*See* App. Ex. "J" at No. 1). Cumani did not object to producing the returns, he just has not done so.  Defendant cannot adequately test Cumani's damage claims without the returns.

  d. Cumani currently alleges $42,000 in attorneys' fees from the criminal case. (*See* App. Ex. "D" at No. 4).[6]  Cumani has not produced any attorneys' fee bills or documents substantiating his payment of the same.  His criminal defense lawyer reportedly cannot find his bills, but Cumani has the bills and record of payments in his own records.  Otherwise, how did he come up with the figure?

  Shehu

  a. Shehu currently alleges $80,000 in lost wages associated with the criminal trial.  (*See* App. Ex. "E" at No. 4).  This is a $55,000 increase from his original claim.  (*See* App. Ex. "C" at No. 4).  Shehu has produced no documents upon which either calculation is based.

  b. Shehu has not produced any W-2 forms.  (*See* App. Ex. "K" at No. 1). Defendant cannot defend against a lost-wage claim without these basic documents.[7]  For example, defendant cannot defend against the claim without having W-2s from the years both before and after the criminal trial.

  c. Like Cumani, Shehu asserts damages to reputation of $250,000.  (*See* App. Ex. "D" at No. 4).  Also like Cumani, Shehu has not produced a single item on the subject, let alone anything substantiating his supposed calculation of the alleged loss.

---

[6] Cumani previously alleged $50,000 in attorneys' fees.  (*See* App. Ex. "B" at No. 4).
[7] W-2s are essential, and certain tax summaries produced by Shehu are meaningless.  They arise from joint income tax returns – there is no way to determine <u>his</u> individual wages.

        d.        Shehu also has not produced income tax returns for 2019-22. (*See* App. Ex. "K" at No. 1). Like Cumani, Shehu did not object to providing them, he just has not done so. Shehu has never explained why he produced returns for 2017 and 2018, but refuses to do so for the most relevant period (2019-2022).

        e.        Shehu has not produced any evidence substantiating his payment of attorneys' fees.

10.        Full and complete discovery responses were due from plaintiffs months ago. The Court gave plaintiffs two opportunities to belatedly produce full and complete discovery responses. (*See* ECF Nos. 13 and 14). Plaintiffs rejected both opportunities. The Court set two deadlines for plaintiffs to make a full production, both of which plaintiffs ignored. (*See* ECF Nos. 13 and 14). Plaintiffs have been in violation of a Court order since November 2, 2023. (*See* ECF No. 13).

11.        The Court should now give effect to its orders by sanctioning plaintiffs for their continuing misconduct. Otherwise, those orders (and the discovery process) are exercises in futility.

12.        As demonstrated below, the just sanction in this case is to strike plaintiffs' claims for special damages, including lost income, lost wages, reputational damages and attorneys' fees, and preclude plaintiffs from presenting evidence of special damages in any proceeding. *See* Rule 37(b)(2)(A)(ii)(iii), Fed.R.Civ.P.

*Legal Standard*

13.        The Federal Rules of Civil Procedure authorize the Court to sanction a party for disobeying a discovery order. *See* Rule 37(b)(2)(A), Fed.R.Civ.P.

14. The authorized sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "striking pleadings in whole or in part." Rule 37(b)(2)(A)(ii)(iii).

15. Determination of the correct sanction for a discovery violation is a fact-specific inquiry within the discretion of the district court. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

16. "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" *Id.* at 920-21 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982)).

*Argument*

17. This should have been a simple matter. Before a case is filed, the lawyer sits with his clients, talks about potential damages, gathers relevant documents and computes the damages. A list of damages, the computations and the supporting documents are produced in routine discovery as required. Plaintiffs chose not to do this.[8] Defendant then served plaintiffs very basic discovery on damages. Plaintiffs were required (again) to figure out their damages and gather responsive documents. Plaintiffs refused to do this. Plaintiffs refused even to produce tax records, hardly an exotic request when lost income and financial damages are alleged. The Court then ordered plaintiffs twice to provide the damages information they should have produced months before. Plaintiffs refuse to do so. Plaintiffs' violations of the discovery orders are ongoing.

18. A federal district court recently considered the following four factors in determining the appropriate sanction for the violation of a discovery order:

---

[8] The alternative explanation is that plaintiffs did do these things and are simply hiding documents.

> "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions [could be] effective."

*Brown v. Wexford Health Sources, Inc.,* No. CV JKB-17-1212, 2020 WL 1984905, *3 (D. Md. Apr. 27, 2020) (quoting *S. States Rack & Fixture, Inc. v. Sherwin Williams, Co.,* 318 F.3d 592, 597 (4th Cir. 2003) (denying sanction of dismissal, but precluding evidence at issue in discovery order)).

19. Applying those factors here, this Court should strike plaintiffs' claims for special damages, including lost income, lost wages, reputational damages and attorneys' fees, and preclude plaintiffs from presenting evidence of special damages in any proceeding. *See* Rule 37(b)(2)(A)(ii)(iii).

20. As to the first factor, plaintiffs have had repeated opportunities to comply with their discovery obligations and orders of this Court. Plaintiffs' counsel has never explained to defense counsel why plaintiffs are refusing to provide discovery. Plaintiffs' counsel made no effort to justify or explain plaintiffs' misconduct to the Court in the parties' discovery conferences. The Court can only conclude that plaintiffs are acting in bad faith. *See Brown,* 2020 WL 1984905 at *3 ("Brown and his attorney have failed to provide any good faith explanation for Brown's misconduct, and the record leaves the Court no choice but to surmise bad faith.")

21. As to the second factor, permitting plaintiffs to withhold discovery and yet go forward with their special-damage claims would be highly prejudicial to defendants. *See Brown,* 2020 WL 1984905 at *3 (prejudice factor supported sanction). Defendant would simply be stuck with whatever plaintiffs say.

22. As to the third factor, the Court should issue the sanction to deter further misconduct by plaintiffs and parties in other cases. *See Brown,* 2020 WL 1984905 at *3 ("[T][here

8

is an obvious need to deter this sort of extreme discovery misconduct."). "If [plaintiffs] could ignore court orders here without suffering the consequences, then the [district c]ourt cannot administer orderly justice, and the result would be chaos." *Ehrenhaus,* 965 F.2d at 921 (second alteration in original).

23. As to the fourth and final factor, the requested sanction is the least drastic sanction warranted by plaintiffs' violations of this Court's orders. Defendant is not asking for dismissal, the sanction typically at issue in the cases. *See, e.g., Ehrenhaus,* 965 F.2d at 921-22 (affirming sanction of dismissal). The requested sanction is tailored to the discovery plaintiffs have refused to provide despite two orders that they do so.

24. In short, the requested sanction is "just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus,* 965 F.2d at 920. Further, the sanction is necessary to vindicate the authority of the Court. Finally, a sanction is essential to make discovery meaningful.

25. The Court should therefore exercise its discretion and sanction plaintiffs by (1) striking their claims for special damages, including lost income, lost wages, reputational damages and attorneys' fees, and (2) precluding them from presenting evidence of special damages in any proceeding. *See* Rule 37(b)(2)(A)(ii)(iii), Fed.R.Civ.P.

WHEREFORE, defendant respectfully requests relief as set forth above in accordance with the order submitted herewith.

DATED this 22nd day of November, 2023.

                                      */s/ Timothy W. Miller*
                                      Timothy W. Miller, Bar No. 5-2704
                                      Senior Assistant Attorney General
                                      Prentice B. Olive, Bar No. 8-6691
                                      Assistant Attorney General
                                      Wyoming Attorney General's Office
                                      109 State Capitol
                                      Cheyenne, Wyoming 82002
                                      (307) 777-5820
                                      (307) 777-3608
                                      (307) 777-8920 Facsimile
                                      tim.miller@wyo.gov
                                      prentice.olive@wyo.gov

                                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that on this 22nd day of November, 2023, a true and correct copy of the foregoing **Defendant's Motion for Sanctions for Plaintiffs' Ongoing Violations of This Court's Discovery Orders (ECF Nos. 13 and 14)** was served as indicated below:

Bradley L. Booke, Bar No. 5-1676　　　　　[✓] CM/ECF
Law Office of Bradley L. Booke
P.O. Box 13160
Jackson, Wyoming 83002
brad.booke@lawbooke.com


　　　　　　　　　　　　　　　　　　*/s/ Kathy Lackey*
　　　　　　　　　　　　　　　　　　Kathy Lackey, Paralegal
　　　　　　　　　　　　　　　　　　Office of the Wyoming Attorney General