Bradley L. Booke   #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1641
866-297-4863 Fax
brad.booke@lawbooke.com
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **BLENDI CUMANI, M.D. and** ) | |
| **ROLAND SHEHU,** ) | |
| ) | |
| Plaintiffs, ) | Case No. 23-CV-55-ABJ |
| ) | |
| v. ) | |
| ) | |
| **CHRIS QUEEN,** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SANCTIONS**

Plaintiffs have complied with Defendant's request for production seeking documents supporting Plaintiffs' damages and with the Court's directives in informal discovery conferences of October 24 and November 2.  Defendant's motion does not argue non-compliance with a specific request for production.  Rather, Defendant makes a general argument that Plaintiffs have not produced documents that support their special damages.  The record proves otherwise.

Dr. Cumani has served the following responses to Defendant's requests for production:

- Dr. Cumani's Responses to Defendant's First Request for Production (7/26/23) (Exhibit 1)

- Dr. Cumani's Responses to Defendant's Second Request for Production (11/2/23)

- Dr. Cumani's Responses to Defendant's Third Request for Production (11/2/23)

- Dr. Cumani's First Supplemental Responses to Defendant's Second Request for Production of Documents (11/3/23)

- Dr. Cumani's Responses to Defendant's Fourth Request for Production (11/3/23)

- Dr. Cumani's Supplemental Responses to Defendant's First Request for Production of Documents (11/11/23)

- Dr. Cumani's Second Supplemental Responses to Defendant's Second Request for Production of Documents (11/11/23) (misidentified as "First Supplemental Response")

- Dr. Cumani's Supplemental Responses to Defendant's Third Request for Production (11/11/23)

Dr. Cumani has also served answers to Defendant's First and Second Sets of Interrogatories, and Supplemental Answers to Defendant's First Set of Interrogatories.

Mr. Shehu has produced responses to Defendant's requests for production:

- Mr. Shehu's Responses to Defendant's First Request for Production (7/26/23) (Exhibit 2)

- Mr. Shehu's Responses to Defendant's Second Request for Production (11/2/23)

- Mr. Shehu's Responses to Defendant's Third Request for Production (11/2/23)

- Mr. Shehu's Responses to Defendant's Fourth Request for Production (11/3/23)

- Mr. Shehu's Supplemental Responses to Defendant's First Request for Production of Documents (11/13/23)

- Mr. Shehu's Supplemental Responses to Defendant's Second Request for Production of Documents (11/13/23)
- Mr. Shehu's Supplemental Responses to Defendant's Third Request for Production.

Mr. Shehu has also served answers to Defendant's First and Second Sets of Interrogatories, and Supplemental Answers to Defendant's First Set of Interrogatories.

These productions (and Rule 26 disclosures) total 2,531 pages which include documents responsive to two identical requests for production, one to Dr. Cumani and one to Mr. Shehu:

**REQUEST NO. 1:** All documents or other evidentiary material upon which your computation of each category of damages alleged by you is based, including, but not limited to, the items listed in your response to Defendant's First Set of Interrogatories, No. 4, as well as all materials bearing on the nature and extent of the damages suffered. (See, Exhibits 1 and 2)

In response, Dr. Cumani has produced the following "documents" and "other evidentiary material" upon which his calculation of special damages is based—nothing that general damages and reputational damages are determined by the jury and are not shown by documents:

- Dr. Cumani's 2017 W-2 from his employer, Trinity Health, showing all income (Exhibit 3)
- Dr. Cumani's 2018 W-2 from his employer, Trinity Health, showing all income (Exhibit 4)
- Dr. Cumani's 2019 W-2 from his employer, Trinity Health, showing all income
- (Exhibit 5)

- Dr. Cumani's 2020 W-2 from his employer, Trinity Health, showing all income (Exhibit 6)
- Dr. Cumani's 2021 W-2 from his employer, Trinity Health, showing all income (Exhibit 7)
- Dr. Cumani's 2022 W-2 from his employer, Trinity Health, showing all income
- (Exhibit 8)
- A Certificate from the American Board of Surgery (ABOS) showing that Dr. Cumani earned Board Certification in Hand Surgery on August 2, 2022 (he was board certified in general surgery in 2012).  Dr. Cumani explained in Supplemental Answers to Defendant's First Interrogatory Nos. 1 and 4;  in Response to Defendant's Second Request for Production No. 1; and in his Second Supplemental Rule 26 disclosures, that the Certificate was produced be he had been scheduled to take hand surgery boards in the Fall of 2020, but did not do so because of the criminal trial.). (Exhibit 9)
- A statement from the Controller of Trinity Health stating that Dr. Cumani's salary was increased by $117,376 as a result of his board certification in hand surgery on August 2, 2022.  (Exhibit 10)

Prior to producing the document from the Controller of Trinity Health, Dr. Cumani had provided the following additional information in written discovery responses:

- "Dr. Cumani has requested that his employer, Trinity Health of North Dakota, provide comparative wage statements from before and after his Board Certification for Hand Surgery, which will demonstrate that wage increase resulting from his certification in August 2022.  Dr. Cumani was scheduled to take Hand Surgery boards in 2020, but that examination was delayed by the underlying criminal proceedings.  (Dr. Cumani

had previously been certified in surgery by the American Board of Surgery.) This documentation will be produced as soon as it is received." (Supplemental Answer to Defendant's First Interrogatory Nos. 1 and 4; Response to Defendant's Second Request for Production No. 1; and Second Supplemental Rule 26 Disclosures.) (Exhibit 13)

In addition, Dr. Cumani has produced the following documentation of special damages:

- A statement from S. Joseph Darrah (now Circuit Court Judge), Dr. Cumani's attorney in the underlying criminal matter, explaining that he no longer has billing statements for Dr. Cumani because of a change made in his electronic billing system prior to his elevation to the bench and that he charged Dr. Cumani $44,000 in attorney's fees for representation in that matter. The statement provides a multi-page explanation written by Mr. Darrah detailing the tasks that were involved in his representation of Dr. Cumani and explaining why his written statement is not made under oath. Judge Darrah has advised undersigned counsel that he would promptly respond to a deposition subpoena, which he believes is the appropriate mechanism for providing further information due to his judicial position. (Exhibit 12)

Prior to producing this statement from Mr. Darrah, Dr. Cumani had stated in answering Interrogatory No. 1 in Defendant's First Set of Interrogatories that he "believes" he had paid approximately $50,000 in attorney's fees. In a later Supplemental Answer to the same interrogatory, Dr. Cumani stated that he "believed" he paid approximately $42,000 in fees. Both interrogatories answers clearly indicate that Dr. Cumani does not have documents showing an exact figure for attorney's fees.

In addition, Dr. Cumani has produced the following documentation of special damages:

- Dr. Cumani's American Express statement for August 2020-September 2020 showing charges for fuel for travel from Minot, North Dakota to Cody, Wyoming for the trial (Dr. Cumani then lived and still lives in Minot, North Dakota)  (Exhibit 11)

- Dr. Cumani's American Express statement for August 2020-September 2020 showing charges for lodging in Cody, Wyoming from August 31, 2020 to September 4, 2020 for the trial. (Exhibit 11)

- Dr. Cumani's American Express statement for August 2020-September 2020 showing several charges for food between August 31, 2020 and September 3, 2020, inclusive, for the trial. (Exhibit 11)

As noted above, Defendant's request for production of documentation of special damages to Mr. Shehu is identical to that served to Dr. Cumani.

In response, Mr. Shehu has produced the following "documents" and "other evidentiary material" upon which his calculation of special damages is based—also noting that general and reputational damages are determined by the jury and are not shown by documents:

- Mr. Shehu's 2017 Federal Income Tax return. (Exhibit 14)

- Mr. Shehu's 2018 Federal Income Tax return. (Exhibit 15)

- Mr. Shehu's 2019 Federal Income Tax Summary statement containing all information provided on Form 1040  (Exhibit 16)

- Mr. Shehu's 2020 Federal Income Tax Summary statement containing all information provided on Form 1040  (Exhibit 16)

- Mr. Shehu's 2021 Federal Income Tax Summary statement containing all information provided on Form 1040  (Exhibit 16)

- Mr. Shehu's 2022 Federal Income Tax Summary statement containing all information provided on Form 1040  (Exhibit 16)

In addition, Mr. Shehu has produced the following documentation of special damages:

- Itemized invoices from Brigita Krisjansons, Mr. Shehu's attorney in the underlying criminal case  (Exhibit 17)

- Itemized invoice for Mr. Shehu's lodging in Cody from 8/29/20-9/4/20 for the criminal trial  (Exhibit 18)

- Mr. Shehu's American Express statement for August-September 2020 showing charges for a rental car in Cody, Wyoming for the criminal trial (Mr. Shehu then lived and still lives in Philadelphia, Pennsylvania)  (Exhibit 19)

- Mr. Shehu's American Express statement for August-September 2020 showing several charges for meals in Cody, Wyoming from August 29, 2020 to September 4, 2020, for the trial  (Exhibit 19)

- Mr. Shehu's American Express statement for August-September 2020 showing partial charges for airfare from Philadelphia, Pennsylvania to Cody, Wyoming (complete copies of e-tickets have been requested from United Airlines)  (Exhibit 19)

In addition to the foregoing "documents and other evidentiary material," both Dr. Cumani and Mr. Shehu have produced the following concerning causation of special and general damages:

- All discovery materials produced by the State in the underlying criminal case, including the investigative file of the Wyoming Game & Fish Department (with interviews), which prove causation of special and general damages

- All of the pleadings in the underlying criminal case, including the verdict form, which prove causation of special and general damages

- A complete transcript of the 4-day trial in the underlying criminal case, which proves causation of special and general damages

- A complete audio recording of the 4-day trial in the underlying criminal case, which also proves causation of special and general damages

- All jury instructions offered and given in the underlying criminal case

- All exhibits offered and received in the underlying criminal case, which proves causation of special and general damages

- All demonstrative materials known to have been used in the underlying criminal case, which prove causation of special and general damages

- The complete file of Dr. Cumani's attorney in the underlying criminal case

- The complete file of Mr. Shehu's attorney in the underlying criminal case (with a handful of pages withheld as attorney work-product, as identified on a privilege log that has also been produced)

## ANALYSIS

Dr. Cumani and Mr. Shehu have produced all of the "documentation and other evidentiary material" they have, and will use, to prove their special damages at the trial of this case. The documentation includes documentary evidence of lost income and actual, out-of-pocket expenses, including attorney's fees, incurred as a result of being charged and tried in a criminal action in Cody, Wyoming.

Defendant's motion appear to complain that the documentation produced does not explain *how* the documents produced prove the lost income that Dr. Cumani and Mr. Shehu claim—an explanation will be forthcoming if and when Plaintiffs are deposed. There is no "documentation" that provides such an explanation, and Defendant has not served an interrogatory requesting an

explanation. Nonetheless, Dr. Cumani has explained how the criminal proceeding delayed by two years completion of board certification and a substantial salary increase.

Thus, Defendant's sweeping claim that "Cumani still has not produced any documents upon which that computation of damages is based" (See, Defendant's Motion, ECF No. 15 at 4-5, para. Cumani 9(a) and (c)) is simply not true. Dr. Cumani has produced the following documentation: his W-2s from 2017 to 2022, his August 2022 certification from the American Board of Surgery (ABOS); a statement from the Controller of Trinity Health explaining the import of the certification from the ABOS. These are documents on which computation of the wage loss element of special damages is based. Dr. Cumani's special damages claim can certainly be tested with the W-2s he has produced, which detail all of his income for the years at issue.

Because there are no physical injuries involved in this case, there are no medical records from which general damages such as physical or emotional pain or suffering can be inferred. Damage to one's reputation is a general damage. Accordingly, the Defendant's investigative file, which proves that Dr. Cumani and Mr. Shehu should never have been charged in the first instance; the false accusations made in that pleadings; and the baseless testimony given at the trial—all of which are contained in the documents produced—are documents on which general damages are based. Thus, Defendant's claim that "Cumani has not produced a single item on the subject, let alone anything substantiating his supposed calculation of the alleged loss" (See, Defendant's Motion, ECF No. 15 at 4, para. Cumani 9(b)) is simply not true.

Defendant's claim that "Cumani has not produced any attorneys' fee bills or documents substantiating his payment of the same" (See, Defendant's Motion, ECF No. 15 at 5, para. Cumani 9(d)) simply is not true. Dr. Cumani has produced a detailed statement from his attorney in the criminal case explaining why an invoice for legal services is not available and providing a lengthy

explanation of the nature and extent of legal services rendered. Dr. Cumani cannot produce a document he does not have, and his attorney has made best efforts at reconstructing what would be contained on a fee bill. Defendant may wish for more standard documentation (as would Dr. Cumani), but the documentary evidence is what it is—and Defendant's counsel will certainly cross-examine the documentation provided and, no doubt, suggest that it is falsified or contrived.

Similarly, Defendant's claim that "Shehu has produced no documents upon which either [wage loss] calculation is based" or any W-2s (See, Defendant's Motion, ECF No. 15 at 5-6, para. Shehu 9(a), (b), and (d)) is simply inaccurate. Mr. Shehu has produced federal tax returns for 2017 and 2018, and federal tax return summaries containing complete income and expense information, for 2019, 2020, 2021, and 2022. The federal tax return summaries include data listing how much wage income was earned from each source of wages. Defendant complains that it does not understand how the documentation demonstrates Mr. Shehu's lost income, but that is a question that has not been asked in written discovery. The documentation produced, however, shows on its face that Mr. Shehu was an employee in 2019 and prior, and thereafter became a business owner/operator. All of the data needed to understand the basis for Mr. Shehu's lost income claim is, therefore, within the documents produced.

And Defendant's claim that "Shehu has not produced any evidence substantiating his payment of attorneys' fees" (Motion, ECF No. 15 at 6, para. Shehu 9(e)) is patently false. Payment information appears on the face of the invoices produced from the file of attorney Brigita Krisjansons. (Mr. Shehu's Supplemental Response to Defendant's First Request for Production, at Response No. 3, CUMANI-SHEHU 0114-0118).

As is the case with documents produced by Dr. Cumani, these are documents on which computation of the lost income element of Mr. Shehu's special damages is based. As is the case

Plaintiffs' Response in Opposition to Defendant's Motion for Sanctions
Page 10 of 13

with Dr. Cumani, Mr. Shehu's lost income claim can certainly be tested with the detailed federal income tax documentation he has produced, which detail all of his income and expenses for the years requested.

Because Mr. Shehu sustained no physical injuries, he proffers no medical records from which general damages can be inferred. However, reputational damage is a general damage. The Defendant's investigative file, trial testimony, and trial exhibits, which prove Dr. Cumani's innocence, proves Mr. Shehu's innocence, as well. This documentation, which has been produced in full, demonstrates that Mr. Shehu should never have been charged in the first instance. It proves the falsity of accusations made in the pleadings. All of these documents <u>are</u> documents on which general damages are based.

Thus, Defendant's claim that Dr. Cumani and Mr. Shehu have not produced documentation on which their special and general damages are based simply is not true.

In sum, Dr. Cumani have neither "ignored" (See, Defendants' Motion, ECF No. 15 at 6, para.10) nor "flouted" (Motion, ECF No. 15 at 4, para. 9) the Court's orders following informal discovery conferences. Dr. Cumani and Mr. Shehu have produced "documentation and other evidentiary material" that is within their "possession, custody, or control" that is responsive to Defendant's requests for production--"documentation and other evidentiary material" they will use to prove their special damages. For these reasons, Defendant's motion—which does not identify specific responses to specific requests for production that are claimed to be deficient—appears to seek more factual information than is sought by his actual discovery requests.

Neither Plaintiffs nor their attorney have acted in bad faith with respect to discovery.[1] Plaintiffs' counsel has traveled three times to Cody, Wyoming in attempts to gather documents that are the subject of Defendant's requests for production.

Plaintiffs' counsel appreciates that there has been delay in production of documents and respectfully submits that prejudice, if any there was, has been fully mitigated by the Court's direction that party depositions would be postponed until documentary production was made. As a result, the depositions Dr. Cumani and Mr. Shehu have not yet been taken and Defendant has a full opportunity to digest Plaintiffs' damages information and develop his attacks before deposing the Plaintiffs. Moreover, Defendant had scheduled two non-party depositions for November 20 and 22 (concerning liability facts) and Defendant unilaterally cancelled those depositions, so Defendant does not appear to be pressing discovery forward. In essence, all of Defendant's discovery opportunities remain fully preserved.

The discovery issues presented by this motion are not of a chronic nature. Sanctions are not needed to impress upon Plaintiffs or their counsel the need to produce documentary discovery—Plaintiffs do not benefit from withholding documentary evidence of their damages. Here, trial is more than six months away (June 10, 2024) and there remains more than ample time for all discovery needed for Defendant to fully prepare for trial.

As shown, Plaintiffs have very substantially complied with the discovery actually sought. They have produced documents that support their special damages claims. In a case of this type,

---

[1] Evidence of Plaintiffs' good faith is that second of the two informal discovery conferences (referenced in Defendant's motion and this response) was requested by Plaintiffs' counsel, not by Defendant. Plaintiffs' purpose in requesting the informal conference\ was to advance discovery, not hinder it. It is also worth noting that, in the first informal discovery conference, Plaintiffs' counsel made no attempt to belabor the point that Plaintiffs' had not yet fully responded to Defendant's request for production, and committed to doing so. Undersigned counsel's recollection is that the first informal conference focused on getting the attorney files of Plaintiffs' two attorneys in the criminal case, to which a timely objection had been made in response to the discovery requests.

general damages are proved, by inference, from the same documents that prove liability—and all such documents known to exist have been produced.

For these reasons, Plaintiffs respectfully submit that Defendant's motion should be denied, and that party depositions and all other discovery should be permitted to move forward.

DATED this 26th day of November, 2023.

      /s/ Bradley L. Booke
Bradley L. Booke
250 Veronica Lane, Suite 204
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1631 (Telephone)
866-297-4863 (Facsimile)
brad.booke@lawbooke.com

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I certify that I served the foregoing pleading this 26th day of Novbember, 2023, to:

Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov
Attorneys for Defendant

      /s/ Bradley L. Booke