Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLENDI CUMANI, M.D., and ROLAND SHEHU, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 23-CV-55-ABJ ) |
| CHRIS QUEEN, | ) ) |
| Defendant. | ) |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFFS' ONGOING VIOLATIONS OF THIS COURT'S DISCOVERY ORDERS
### (ECF NOS. 13 AND 14)

FOR HIS REPLY in support of the referenced motion (ECF No. 15), defendant Chris Queen submits the following:

1. This is a federal civil rights action for alleged false arrest and malicious prosecution in violation of the Fourth Amendment. (*See* ECF No. 2). Plaintiffs were charged with certain crimes in 2019 and were tried on those charges in 2020. (*Id.* at 2, 4). Plaintiffs seek damages for, among other things, lost income resulting from the charges and trial. (*Id.* at 5).

2. After hearing from the parties, the Court entered discovery orders in this matter on

October 24, 2023 and November 2, 2023.  (*See* ECF Nos. 13 and 14).  Both orders required plaintiffs to fully respond to defendant's discovery.  (*See* ECF Nos. 13 and 14).  The last date for compliance was November 14, 2023.  (*See* ECF No. 14).  Since plaintiffs remained in violation of the orders, defendant moved for sanctions on November 22, 2023.[1]  (*See* ECF No. 15 at 4-6).

3. Plaintiffs responded to defendant's motion for sanctions on November 26, 2023.  (ECF No. 16).  Even as of that late date, plaintiffs made no effort to cure their violations of the discovery orders.  Instead, they submitted a response that demonstrates they have no regard for their discovery obligations or the orders of this Court.

4. Plaintiffs begin their response by asserting that defendant has not identified specific discovery requests with which they have failed to comply.  (ECF No. 16 at 1).  That is not so.  (*See* Defendant's Motion for Sanctions, ECF No. 15 at 4-6; Defendant's Second Request for Production to Plaintiff Cumani, No. 1 (ECF No. 15-9 at No. 1); Defendant's Second Request for Production to Plaintiff Shehu, No. 1 (ECF No. 15-10 at No. 1); Defendant's Third Request for Production to Plaintiff Cumani, No. 1 (ECF No. 15-11 at No. 1); Defendant's Third Request for Production to Plaintiff Shehu, No. 1 (ECF No. 15-12 at No. 1)).

5. As shown in defendant's motion for sanctions, plaintiff Blendi Cumani disobeyed and continues to disobey this Court's orders with respect to Defendant's Third Requests for Production to Plaintiff Cumani, No. 1.  (*See* ECF No. 15 at 5; ECF No. 15-11 at No. 1).  The request asks for all federal income tax returns filed since 2017.  (*See* ECF No. 15-11 at No. 1).  Cumani did not object to producing the returns (*see* ECF No. 15 at 5; Blendi Cumani's M.D.'s Response to Defendant's Third Request for Production of Documents, No. 1, Supp. App. Ex.

---

[1] The Court gave defendant permission to file a motion for sanctions.  (*See* ECF No. 14).

"N");[2] he has simply chosen to withhold them.[3] (*See* ECF No. 15 at 5). Cumani did not acknowledge, let alone explain, this ongoing violation of the Court's orders in his response to defendant's motion for sanctions. (*See* ECF No. 16).

6. Likewise, plaintiff Roland Shehu disobeyed and continues to disobey this Court's orders with respect to Defendant's Third Requests for Production to Plaintiff Shehu, No. 1. (*See* ECF No. 15 at 5-6; ECF No. 15-12 at No. 1). The request asks for all W-2s and federal income tax returns filed since 2017. (*See* ECF No. 15-12, No. 1). Shehu did not object to producing the required documents (*see* Roland Shehu's Response to Defendant's Third Request for Production of Documents, No. 1, Supp. App. Ex. "O"); he simply has produced no W-2 forms and no federal income tax returns for 2019 through 2022.[4] (*See* ECF No. 15 at 6). Like Cumani, Shehu did not acknowledge, let alone explain, this ongoing violation of the Court's orders in his response to defendant's motion for sanctions.[5] (*See* ECF No. 16).

7. Federal income tax records are fundamental to any case involving an alleged economic loss. Defendant requested federal income tax records in August. (*See* ECF Nos. 15-11, 15-12). Plaintiffs initially did not respond to the requests. The Court convened two informal discovery conferences. (*See* ECF Nos. 13, 14). The Court gave plaintiffs two chances to fully answer the discovery. (*See* ECF Nos. 13, 14). Plaintiffs rejected both opportunities. Plaintiffs simply refuse to produce the required federal income tax records set forth above.

---

[2] Citations to "Supp. App." are to the supplemental appendix of exhibits submitted herewith.
[3] On November 8, 2023, after the second informal discovery conference, defense counsel reminded plaintiffs' counsel of Cumani's obligation to produce his income tax returns. (*See* ECF No. 15-14 at 1).
[4] On November 8, 2023, after the second informal discovery conference, defense counsel reminded plaintiffs' counsel of Shehu's obligation to produce the W-2 forms and income tax returns. (*See* ECF No. 15-14 at 1).
[5] In plaintiffs' response, Shehu protests that he produced "Federal Income Tax Summaries" for 2019 through 2022. (*See* ECF No. 16 at 6-7). The "Summaries" – whatever they are – are not federal income tax returns. Absent objection, a litigant must produce the document he is asked to produce; he cannot force the discovering party to accept something else. Shehu did not even produce a "Summary" for 2020, the year of the criminal trial. (*See* ECF No. 16-1 at 92-98).

8. In their response to the motion for sanctions, plaintiffs do not deign to attempt to explain their misconduct.  (*See* ECF No. 16).  They leave the Court no alternative but to impose sanctions.  Otherwise, compliance with discovery and court orders is optional.  As shown in defendant's motion, the appropriate sanction is to strike plaintiffs' claims for lost income and preclude plaintiffs from presenting evidence of the same in any proceeding.  (*See* ECF No. 15 at 6-9 (citing Rule 37(b)(2)(A)(ii)(iii), Fed.R.Civ.P.)).

9. On August 9, 2023, defendant requested the documents and evidentiary materials upon which plaintiffs' computation of damages are based.  (*See* Defendant's Second Requests for Production of Documents to Plaintiff Cumani, No. 1 (ECF No. 15-9 at No. 1); Defendant's Second Requests for Production to Plaintiff Shehu, No. 1 (ECF No. 15-10 at No. 1).  This discovery was a subject of the motion for sanctions.  (*See* ECF No. 15 at 4-6; *see also* Plaintiff's Response to Motion for Sanctions, ECF No. 16 at 3 (quoting discovery requests in question)).

10. In their response to the motion, plaintiffs state as follows:  "Dr. Cumani and Mr. Shehu have produced all of the 'documentation and other evidentiary material' they have, and will use, to prove their special damages at the trial of this case.'"[6]  (*See* ECF No. 16 at 8).  This is slippery because they claim their alleged damages for loss of reputation – which they calculate to be $250,000 for each plaintiff – are general damages, not special damages.  (*Id.* at 3; ECF No. 15-4 at No. 4; ECF No. 15-5 at No. 4).

11. Damages for loss of reputation can be general damages, although more typically they would be for loss of business reputation, a special damage.  In any event, defendant's request covered all damages plaintiffs had computed, not merely special damages.  (*See* ECF No. 15-9 at

---

[6] The items produced do not begin to support their alleged calculation of damages, such as the $1,000,000 in lost income claimed by Cumani.  (*See* ECF No. 15-4 at No. 4).  Plaintiffs have not provided genuine calculations of damages in this case.

4

No. 1; ECF No. 15-10 at No. 1). To implement plaintiffs' position, and honor the discovery requests in question, the Court should order that plaintiffs cannot introduce, attempt to introduce or allude to any documents or evidentiary materials with respect to their claims for loss of reputation in any proceeding.

12. Defendant withdraws his request for sanctions with respect to the following:

- Cumani's American Express statement (*see* ECF No. 16-1 at 35).

- Cumani's claim for attorneys' fees, without prejudice depending on developments in discovery.

- Shehu's credit card statements (*see* ECF No. 16-1 at 104-07).

- Shehu's attorney fees' invoices (*see* ECF No. 16-1 at 99-103).

- Shehu's claim for attorneys' fees, without prejudice depending on developments in discovery.

WHEREFORE, defendant respectfully requests relief as set forth above pursuant to the revised order submitted herewith.

DATED this 22nd day of December, 2023.

> */s/ Timothy W. Miller*
> Timothy W. Miller, Bar No. 5-2704
> Senior Assistant Attorney General
> Wyoming Attorney General's Office
> 109 State Capitol
> Cheyenne, Wyoming 82002
> (307) 777-5820
> (307) 777-8920 Facsimile
> tim.miller@wyo.gov
> prentice.olive@wyo.gov
>
> Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

  I do hereby certify that on this 4th day of December, 2023, a true and correct copy of the foregoing **Reply Memorandum in Support of Defendant's Motion for Sanctions for Plaintiffs' Ongoing Violations of This Court's Discovery Orders (ECF Nos. 13 and 14)** was served as indicated below:

| | |
|---|---|
| Bradley L. Booke, Bar No. 5-1676<br>Law Office of Bradley L. Booke<br>P.O. Box 13160<br>Jackson, Wyoming 83002<br>brad.booke@lawbooke.com | [✓] CM/ECF |

              */s/ Kathy Lackey*
              Kathy Lackey, Paralegal
              Office of the Wyoming Attorney General