Bryan A. Skoric (Wyo. State Bar #6-2834)
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming, 82414

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLENDI CUMANI, M.D. and ROLAND SHEHU, | Civil Action No. 23-CV-00055-ABJ |
| Plaintiffs | |
| v. | |
| CHRIS QUEEN, | |
| Defendant. | |

## MOTION TO QUASH SUBPOENA DUCES TECUM

**COMES NOW,** Bryan A. Skoric, Park County and Prosecuting Attorney, and respectfully moves this Court to quash a subpoena duces tecum pursuant to Fed. R. Civ. P. Rule 45(d)(3)(A)(iii). In support of the Motion to Quash, the Park County and Prosecuting Attorney alleges the following:

1.  The Plaintiff issued a subpoena (Attached hereto as Exhibit A), to Park County (Wyoming) County and Prosecuting Attorney for, "All documents and tangible items in the possession, custody or control of the Park County and Prosecuting Attorney that relate to, evidence, or concern the following criminal case files. Case Nos. CR-2020-0009, CR-2020-0034, and/or CR-2020-0035.

1

2.	A prosecutor's criminal case file may contain investigational records, notations, mental processes, legal conclusions and/or trial strategy of the prosecuting attorney who prepares and analyzes his case.

3.	"Records of investigations conducted by, or of intelligence information or security procedures of, any sheriff, county attorney, city attorney, the attorney general, the state auditor, police department or any investigatory files compiled for any other law enforcement or prosecution purposes…" are protected against disclosure by Wyoming law. Wyo. Stat. Ann. § 16-4-203 (West).

4.	"Any interagency or interagency memorandum or letters are not available by law to a private party in litigation with the agency." Wyo. Stat. Ann. § 16–4–203(b)(v); *Aland v. Mead*, 2014 WY 83, ¶ 10, 327 P.3d 752, 758 (Wyo. 2014). Disclosure of certain documents may be contrary to the public interest. Id. *Mead*, 327 P.3d at 759.

5.	Fed. R. Civ. P 45(d)(3)(A) protects attorney work-product from disclosure when prepared in anticipation of litigation. *In re Grand Jury Proc.*, 616 F.3d 1172, 1184 (10th Cir. 2010). The work-product doctrine prevents disclosure of an attorney's mental processes, legal conclusions and/or trial strategy as he prepares and analyzes his case. *Grace United Methodist Church v. City Of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006), citing *Hickman v. Taylor,* 329 U.S. 495, 510-514, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *see also Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir.1995).

6. A court places the burden upon the movant "to show that the requested documents [are] specific, relevant, and not intended as a general fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

7. The subpoena requires compliance beyond the geographical limits specific in Rule 45(c)(2)(A): "For other Discovery. A subpoena may command: production of documents, electronically stored information or tangible things at a place within 100 miles of where the person resides, is employed or regularly transacts business in person." The subpoena instructs delivery of hard copies or electronic copies to P.O. Box 13160, Jackson, Wyoming. Jackson, Wyoming, is located approximately 297 miles from Cody, Wyoming. (Driving from Cody, WY to Jackson WY, Google Maps, https://www.google.com/maps/dir/Cody,+WY/Jackson,+WYoming) (See Exhibit B).

8. Plaintiff failed to attach a copy of the text of Rule 45(d) and (e), as required by Rule 45(a)(a)(A)(iv).

9. On April 2, 2020, the Park County and Prosecuting Attorney previously disclosed to Plaintiffs through discovery in their criminal case, and in accordance with Wyo. R. Crim. P. Rule 16(a), any information subject to disclosure as required by Rule 16.

Parties in a civil case, if allowed to have unfettered access to a prosecutor's entire file by the simple filing of a subpoena in which the prosecutor is not even a party, will have a chilling effect on prosecutors. The law simply does not allow for this.

Wherefore, the Park County and Prosecuting Attorney respectfully requests this Court quash the Subpoena Duces Tecum referenced herein as exhibit A.

Dated this 24th day of January, 2024.

        /s/
Bryan A. Skoric (WSB #6-2834)
Park County and Prosecuting Attorney
Park County Attorney's Office
1002 Sheridan Ave.
Cody, Wyoming 82414
(307) 527-8660

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2024, a copy of the foregoing Motion to Quash was electronically filed and served via the CM/ECF system; served via electronic mail to the email address below; and by placing a copy of the same in the U.S. mail, addressed to following, postage prepaid, upon counsel in this matter:

Bradley L. Booke
Box 13160
Jackson, WY 83002
Brad.booke@lawbooke.com

        /s/
Bryan A. Skoric