Bradley L. Booke   #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1641
866-297-4863 Fax
brad.booke@lawbooke.com
Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BLENDI CUMANI, M.D.** and **ROLAND SHEHU,**     Plaintiffs, v. **CHRIS QUEEN,**     Defendant. | Case No. 23-CV-55-ABJ |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO
### PARK COUNTY'S MOTION TO QUASH SUBPOENA *DUCES TECUM*

Park County's blanket motion to prevent the discovery of public records is procedurally defective, substantively wrong, and should be denied.

It is uncontroverted that there are no pending or contemplated criminal investigations or prosecutions related to the Park County files that are the subject of the subpoena *duces tecum* at issue. The investigation and prosecution referenced in the files ended in September 2020 when a duly-empaneled jury of Park County citizens entered not guilty verdicts on all charges against Blendi Cumani, M.D., and Roland Shehu, Plaintiffs herein. The subpoenaed files are sought in this 42 U.S.C § 1983 action against the former game warden who initiated the prosecutions,

Defendant Chris Queen, to prove that he had no probable cause to support his arrest, confinement, or prosecution of Dr. Cumani or Mr. Shehu.

Probable cause existed only if the facts and circumstances that were within Defendant Queen's personal knowledge, and of which he had reasonably trustworthy information, were sufficient to lead a prudent person to believe that Dr. Cumani and Mr. Shehu had committed the offenses with which they were charged. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005). This requires examination of "the circumstances as they would have appeared to prudent, cautious and trained police officers." *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999). It is beyond genuine dispute that the subpoenaed files contain information that goes to proving whether a prudent, cautious, and trained game warden would have believed that probable cause supported the arrest, confinement, and prosecution of Plaintiffs herein.

The subpoenaed files are sought, in part, to probe and test the credibility and consistency of the former game warden's deposition testimony in this action, in which he provided a detailed description of his criminal investigation, with statements made to prosecutors in 2019 and 2020; in part, to probe and test the credibility and consistency of the former game warden's testimony in the 2020 criminal trial, which he fully affirmed in his deposition in this action, with statements made to prosecutors in 2019 and 2020; and, in part, to verify the truthfulness of statements that the former game warden attributed to third parties in the Probable Cause Affidavit he (Defendant Queen) swore to initiate the criminal prosecution in the first instance, inasmuch as those third parties are witnesses in this action.

Thus, the subpoenaed files are discoverable under Rule 26(b), Fed. R. Civ. P. Park County's motion makes no argument otherwise.

As acknowledged by Park County's principal legal authority for this motion, the subpoenaed documents are public records under W.S. § 16-4-203. (Doc. 27, at 2, ¶ 3). There is both a constitutional and a statutory right to public records in Wyoming. *Sheridan Newspapers, Inc. v. City of Sheridan*, 660 P.2d 785, 795 (Wyo. 1983). Public records may be withheld only if the custodian of the records proves both prongs of a two-prong test: (1) that a "statute or a court directs withdrawal or where the disputed materials are investigatory as described by statute *and* (2) that the custodian finds withdrawal to be in the public interest. Id. (Italics in original).

The process for objecting to production of public records was described by the Wyoming Supreme Court in *Sheridan Newspapers* and has been reaffirmed by the Supreme Court five times—in *Houghton v. Franscell*, 870 P.2d 1050, 1053 (Wyo. 1994), *Harston v. Campbell County Mem. Hosp.*, 913 P.2d 870, 876 (Wyo. 1996), *Allsop v. Cheyenne Newspapers, Inc.* 39 P.3d 1092, 1095 (Wyo. 2002), *Cheyenne Newspapers, Inc.* v. *Bldg. Code Bd. Of Appeals*, 222 P.3d 158, 161 (Wyo. 2010), and *Powder River Basin Res. Council v. Wyo. Oil & Gas Conservation Comm.*, 320 P.3d 222, 231 (Wyo. 2014).

Blanket objections, such as that made here by Park County, are prohibited:

> From these authorities, it can be concluded that the City of Sheridan and its chief of police may not deny inspection of individual or classes of documents, including rolling logs and case reports, simply because some exempt material may be contained in those records. Neither can a particular police record--again including a rolling log or case report--be withdrawn where it is possible for the sensitive information to be excised and the balance of the record made available to public inspection. Exempt material can be segregated. The records may be structured to provide the information the public is entitled to have. [Citation omitted] The chief of police must exercise discretion to deny inspection of case reports where disclosure would impair an investigation or compromise the prosecution of a case, or where the custodian is otherwise exercising his discretion within the authority of the Wyoming Public Records Act. The judgment of the trial court, as it now stands, provides for blanket exemption of these categories of records, absent a showing that the documents qualify for lawful withdrawal. This is not permissible under the Public Records Act.

*Sheridan Newspapers, Inc.*, 660 P.2d 785, at 797.  Park County's blanket objection to Plaintiffs' subpoena *duces tecum* is, therefore, improper on its face.  If it is to make even a colorable objection to the subpoena *duces tecum*, Park County must make specific objections to specific materials, <u>and</u> must prove that the Wyoming Court's two-prong test is met as to <u>each</u> item to which objection is made:

> In Wyoming, public records (including police records) are to be open to the public unless the custodian--after restricting his decision-making to areas authorized by statute and after weighing the competing interests involving the public's right to know against specific statutory mandate and perceived harm to the public interest through disclosure--decides to withdraw the record or a part thereof.  When he does withdraw records, reasons therefor must be given so that these reasons may provide grounds for review should court action result (citation omitted).  In that event, the custodian must be able to satisfy the court that, in the balancing process, statutory withdrawal, when viewed in the spotlight of public-interest protections, outweighs the public policy which emphasizes disclosure. If, however, the custodian gives either no reasons or inadequate reasons for withdrawal, appropriate legal action is available to force an automatic disclosure of the records.

*Sheridan Newspapers, Inc.*, 660 P.2d 785, at 798-799.

While some of the materials in the Park County Attorney's files may be investigatory under W.S. § 16-4-203(b)(i), other materials, such as drafts of the Probable Cause Affidavit, communications to and from third-party witnesses, and communications to and from the former game warden, may not be.  Even if some materials in the subpoenaed files concerned investigation, the underlying criminal matters have been closed for more than three years—and there is no colorable public interest in withdrawing <u>closed</u> criminal files from scrutiny.  The opposite is true.  The public interest strongly favors opening the conduct, representations, and credibility of law enforcement personnel to full scrutiny—particularly where, as here, the involved law enforcement individual is no longer employed in law enforcement and is a defendant in a civil rights action.

Either way, Park County's blanket motion to quash completely frustrates the Wyoming Public Records Act and completely frustrates the Federal Rules of Civil Procedure.  Controlling law clearly imposes on Park County the burden to prove (1) which items are not public records by statutory definition, <u>and</u> (2) whether withdrawal of those items, even if exempt from production, serves the public interest.  Park County's motion does neither.

At a starting point if Park County's motion is not denied in its entirety, Park County must (1) produce and serve a privilege log identifying all materials in its possession that are responsive to the subpoena, and (2) tender the subpoenaed files to the Court for *in camera* inspection so that a judicial evaluation can be made.  Failing that, Park County is effectively making and ruling on its own objections.

That Park County produced discovery materials as required by the Wyoming Rules of Criminal Procedure is no defense to compliance with a lawful subpoena.  Given Park County's blanket approach, there is no way to know what fraction of the total materials is represented by the discovery produced.

Likewise, Park County's work-product and intra-agency objections cannot be evaluated unless and until Park County creates and serves a privilege log that identifies what it has that is responsive to the subpoena, and specifies its objections to each of the items for which it seeks protection.

CONCLUSION

For the reasons explained above, Park County's motion is procedurally and substantively improper.  The subpoenaed files are relevant, in that the files served as the basis for the very criminal prosecutions that are the subject of this action.  The files are,

therefore, discoverable unless there is a legally-proper objection and legally-proper basis for avoiding full compliance with the subpoena.

Yet, Park County has failed even to identify what is has that is responsive to the subpoena. The subpoenaed files are clearly public records, yet Park County has failed to follow the recognized Wyoming procedure, in effect for more than four decades, for objecting to production of public records. Park County has failed to articulate any specific basis for refusing to produce any specific document in its possession that is responsive to the subpoena. The interest of justice and the public interest is not served by Park County's attempt to prevent public disclosure of files from criminal cases that have been closed for more than three years.

Plaintiffs respectfully request that Park County's motion to quash be denied, and that Plaintiffs be awarded their fees and costs incurred in responding to this motion.

DATED this 7ʰ day of February, 2024.

    /s/ Bradley L. Booke
Bradley L. Booke
250 Veronica Lane, Suite 204
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1631 (Telephone)
866-297-4863 (Facsimile)
brad.booke@lawbooke.com

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

      I certify that I served the foregoing pleading this 7th day of February, 2024, to:

Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov
Attorneys for Defendant

Bryan A. Skoric, Bar #6-2834
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming 82414

                                /s/ Bradley L. Booke