Bryan A. Skoric (Wyo. State Bar #6-2834)
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming, 82414

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

BLENDI CUMANI, M.D. and ABJ ROLAND SHEHU,

    Plaintiffs

v.

CHRIS QUEEN,

    Defendant.

Civil Action No. 23-CV-00055-

---

### REPLY TO PLAINTIFF' RESPONSE IN OPPOSITION TO PARK COUNTY ATTORNEY'S MOTION TO QUASH SUBPOENA DUCES TECUM

---

Comes now, Bryan A. Skoric, Park County and Prosecuting Attorney, and respectfully replies to Plaintiff's Response to Park County's Motion to Quash Subpoena Duces Tecum. In support thereof, Park County would show the Court as follows:

### Preliminary Statement

On January 8, 2024, the Park County Attorney's Office (PCAO) received from Plaintiffs, a subpoena duces tecum, demanding "[a]ll documents and tangible items" contained in Park County Prosecuting Attorney files, for criminal case nos. CR- 2020-0009, 2020-0034 and/or CR-2020-0035.

Generally, prosecutor files contain at least two categories of factual documents outside of attorney work-product, namely: 1) Law enforcement investigational reports; and 2) Copies of documents filed with the Court. Plaintiffs expect the PCAO

to undergo this unduly burdensome task in producing investigational reports they likely possess or can be easily obtained from other sources. See Fed.R.Civ.P. 45(d)(3)A)(iv). A court may quash a subpoena if it "subjects a person to undue burden.")

Moreover, it appears that Plaintiffs' subpoena is directed towards obtaining attorney work-product in a fishing expedition trolling for anything supportive to their case. However, any attorney work-product in the PCAO files is protected by statute, case law and/or the subpoena rule which safeguards the disclosure of privileged or other protected matter if no exception or waiver applies. Fed.R.Civ.P. 45(d)(3)(A)(iii).

### Legal Standards

The PCAO is charged with prosecuting those offenders who choose not to obey criminal laws. The courts have long established a prosecutor must "work with a certain degree of privacy." See *United States v. Nobles*, 422 U.S. 225, 237 (1975) (Quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). For this reason, a prosecutor enjoys immunity from civil suits. *Imbler v. Pachtman*, 424 U.S. 409, 424-27. This allows a prosecutor to be free from the distractions of civil litigation. *Id* at 423. ("[H]arassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and possibility that he would shade his decisions instead of exercising the independence of judgment required by this public trust.")

Using a subpoena as a discovery method requires that the information sought is "relevant to a party's claims or defenses and proportional to the needs of a case. *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-TCK-JFJ, 2020 WL 972754, at *2 (N.D. Okla. Feb. 28, 2020). See also *Spraggins v. Reg'l Med. Ctr.*, 2010 WL 5137439, at *1

(D. Kan. Dec. 10, 2010) ("A subpoena must be within the proper scope of discovery ...."); *Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-CV-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) ("[A] court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production."). *Id*. A court may quash a subpoena if it "subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)A)(iv). If the party can obtain the required documents from another source, the court must relieve the burden from the subpoenaed party. *Id*.

**Argument**

Plaintiffs argue that Park County's "blanket" Motion to Quash Subpoena is "procedurally defective, substantively wrong and should be denied." From the start, Plaintiff's subpoena is overbroad on its face, demanding "[a]ll documents and tangible items," implying that Plaintiffs intend to peruse the prosecution files looking for anything that may be useful to their case.

First, Plaintiffs demand documents already in their possession. The PCAO discovered the Wyoming Game and Fish Department (WGFD) investigational reports pursuant to Wyo.R.Crim.P. 16. Discovery rules obligated the PCAO to provide the entire investigational report.

These investigational files, in their entirety, are available through other sources, such as the WGFD. Demanding the PCAO to duplicate these files is unduly burdensome.

Second, the law clearly protects an attorney's work-product, including, but not

3

limited to his mental processes, legal conclusions and/or trial strategy as he prepares and analyzes his case. *Grace United Methodist Church v. City Of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006), citing *Hickman v. Taylor,* 329 U.S. 495, 510-514, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *see also Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir.1995). An attorney's work-product "is reflected, of course in interviews, statements, memoranda, correspondence briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways…" *Hickman*, 329 U.S. at 51.

The Supreme Court determined, "'Work product of the lawyer' was protected from discovery under ordinary conditions…" *Atchison v. City of Tulsa, Oklahoma*, 344 F.R.D. 28, 31 (N.D. Okla. 2023), citing Hickman at 511-12.

> In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.... Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Id.* An attorney's opinion work product is absolutely privileged." *Nevada v. J-M Mfg. Co.*, 555 F. App's 782, 784-85 (10th Cir. 2014), citing Fed.R.Civ,P. 26(b)(3)(B).

Third, Plaintiffs must establish either a substantial need or extraordinary circumstances prior to subpoenaing prosecution files. *Atchison,* 344 F.R.D. at 36.

Plaintiffs fall short of justifying disclosure with their overbroad statement that could be applied to almost any litigation. (ECF 28). Examination of a party's credibility is a regular occurrence for any attorney. Plaintiffs' reasoning substantially fails to rise to the level necessary to examine a prosecutor's files. A party may not overcome "opinion work product" protection unless "extraordinary circumstances justify disclosure." *Atchison, at* 36.

Fourth, Plaintiff's public records argument fails. A prosecutor's attorney work product is privileged information and public policy necessitates a prosecutor's files be withdrawn from the public record. *Sheridan Newspapers, Inc. v. City of Sheridan*, 660 P.2d 785, 789 (Wyo. 1983). [T]he Wyoming statutes provide that the custodian may withdraw from inspection only such records as may be described as investigatory or intelligence, **or those compiled for prosecution purposes**. *Id* at 799 (emphasis added). A prosecutor's files are statutorily qualified for withdrawal from the public record. *Id* at 800.

**WHEREFORE, for** the reasons stated above, the Park County Attorney respectfully requests the Court Quash Plaintiff's Subpoena Duces Tecum.

Dated this 14th day of February, 2024.

/s/
Bryan A. Skoric (WSB #6-2834)
Park County and Prosecuting Attorney
Park County Attorney's Office
1002 Sheridan Ave.
Cody, Wyoming 82414
(307) 527-8660

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2024, a copy of the foregoing Reply to Plaintiff's Response to Park County's Motion to Quash Subpoena Duces Tecum was electronically served via the CM/ECF system upon the following counsel for the Plaintiff and the Defendant.

Bradley L. Booke
Box 13160
Jackson, WY 83002
brad.booke@lawbooke.com

Prentice Branan Olive
prentice.olive@wyo.gov
gabrielle.sherman@wyo.gov
iryna.wiggam@wyo.gov
kallie.harris@wyo.gov
katherine.lackey@wyo.gov
sherry.griffin1@wyo.gov

Timothy W. Miller
tim.miller@wyo.gov
nella.martinez@wyo.gov

                                      /s/
                                    Bryan A. Skoric