

**FILED**

**12:14 pm, 4/4/24**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

BLENDI CUMANI, M.D., and
RONALD SHEHU,

    Plaintiffs,

v.

CHRIS QUEEN,

    Defendant.

Case No. 2:23-CV-00055-ABJ

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

THIS MATTER comes before the Court on *Defendant's Motions for Sanctions for the Plaintiffs' Ongoing Violations of this Court's Discovery Orders (ECF Nos. 13 & 14)* (hereinafter "Motion for Sanctions") filed on November 22, 2023. ECF No. 15. Due to Blendi Cumani ("Dr. Cumani") and Ronald Shehu's ("Mr. Shehu") (collectively "Plaintiffs") failure to comply with two of Magistrate Judge Kelly Rankin's discovery orders, Defendant requested[1] that this Court strike Plaintiffs' claims for special damages, including lost income, lost wages, and reputational damages, and preclude Plaintiffs from presenting evidence of special damages in any further proceedings, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii)(iii). ECF No. 15 ¶ 25. Plaintiffs filed their *Response in Opposition to Defendant's Motion for Sanctions* (hereinafter "Plaintiffs' Response") on November 26,

---

[1] In a later memorandum, Defendant removed an initial request for sanctions regarding Plaintiffs' claims for attorneys' fees. ECF No. 21 ¶ 12.

2023. ECF No. 16. In their *Response*, Plaintiffs argue they have appropriately complied with both discovery orders and have produced sufficient documentation to support their claims for special damages. *Id.*

Based upon the Court's careful consideration of the matter, Plaintiffs are **ORDERED** to produce all outstanding discovery within **14 BUSINESS DAYS** from the entry of this Order. If Plaintiffs fail to comply with the Court's outstanding discovery orders (ECF No. 13; ECF No. 14) by April 24, 2024, the Court will enter an order granting Defendant's *Motion for Sanctions* (ECF No. 15; *see* ECF No. 21). Therefore, if Plaintiffs fail to comply with the Court orders by this final deadline, Plaintiffs shall have their claims for lost wages, lost income, and reputation stricken and shall be precluded from introducing, attempting to introduce, or alluding to any documents and evidentiary materials with respect to their claims for lost wages, lost income, and reputation.

## BACKGROUND

On October 4, 2023, Magistrate Judge Kelly H. Rankin held an informal discovery call regarding the Plaintiffs' failure to respond to the Defendant's request for production and interrogatories. During the discovery call, Plaintiffs acknowledged they had not fully complied with the discovery requests and consequently, the magistrate judge ordered Plaintiffs to fully respond to all outstanding discovery requests by November 2, 2023. ECF No. 13. Plaintiffs failed to fully comply with the first order, and another informal discovery call was held. The magistrate judge entered a second order compelling Plaintiffs to respond with all outstanding discovery by November 11, 2023. ECF No. 14. In that order, the Court stayed all depositions until the outstanding discovery issues were resolved and granted

leave for the Defendant to file for sanctions if the Plaintiffs failed to adequately respond to the Court's second order compelling discovery.

To date, Dr. Cumani has failed to respond to Defendant's Third Request for Production to Plaintiff Cumani, which specifically asks for all his federal income tax returns filed since 2017. *See* ECF No. 15-11. Dr. Cumani has turned over W-2s from 2017–2022, but the federal tax returns requested by the Defendant remain outstanding. *See* ECF No. 16 at 3–8. Dr. Cumani has not objected to the request for production but merely asserts that his tax returns should be sufficient.

Likewise, Mr. Shehu has failed to respond to the Defendant's Third Request for Production to Plaintiff Shehu, which specifically asks for all his W-2s and federal income tax returns filed since 2017. *See* ECF No. 15-12. Mr. Shehu has failed to produce any W-2s but has disclosed federal income tax returns for 2017 and 2018 and federal income tax summary statements for 2019–2022. ECF No. 16 at 14–16. Mr. Shehu has not objected to the request for production but similarly asserts that his current disclosures are sufficient.

The litigation in this matter is effectively stalled pending the resolution of Plaintiffs' noncompliance.

## STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions for a party's failure to comply with discovery orders. These sanctions may include, but are not limited to, the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

3

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court, the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court has discretion to impose any such sanction that is "just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 956 F.2d 916, 921 (10th Cir. 1992). Therefore, an appropriate sanction is "limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (citations and internal quotation marks omitted).

Generally, before imposing sanctions—especially sanctions which would reach the merits of the case—courts in the Tenth Circuit consider what are called the *Ehrenhaus* factors. These factors include:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. These factors are not exhaustive, nor are the factors necessarily of equal weight.

*Erenhaus*, 956 F.2d at 921. These factors are not a "rigid test;" rather, they represent criteria for this Court to consider. *Erenhaus*, 956 F.2d at 921. Courts are cautious to impose

4

dismissal as a sanction, and generally only do so "when the aggravating factors outweigh the judicial systems' strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiffs assert that they have sufficiently complied with the Court's discovery orders. ECF No. 16 at 8–13. However, as evidenced by the continued judicial intervention into the discovery process, this representation from the party is incorrect. As Defendant has indicated, Dr. Cumani has failed to provide his federal income tax returns from 2017–2022 and Mr. Shehu has yet to provide his W-2s from 2017–2022 and federal income tax returns for 2019–2022. ECF No. 21 ¶¶ 6–7. Plaintiffs continue to withhold these documents despite continued requests from the Defendant and two court orders compelling the production of these documents.

The outstanding discovery documentation contains important information that is directly relevant to Plaintiffs' claims for lost wages, lost income, and damage to reputation and will likely be the basis upon which these claims are established and refuted. *See Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 517 (N.D. Okla. 2003) ("[courts] have compelled production of income tax returns where a litigant himself tenders an issue as to the amount of the income."); *See Gomez v. Wal-mart Stores E., L.P.*, No. 2:23-CV-268 MIS/KRS, 2024 WL 964241, at *3 (D.N.M. Mar. 6, 2024) (holding that a defendant was entitled to discover W-2s in a lost income case since it will help evaluate the plaintiff's claims); *See Biliske v. Am. Live Stock Inc. Co.*, 73 F.R.D. 124, 126 (W.D. Okla. 1977) (holding that the business and financial records of a plaintiff are discoverable by the defendant to test plaintiff's

claims for damaged reputation and lost income). Under Federal Rule of Civil Procedure 26(a):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(a). Plaintiffs are not entitled to withhold discovery upon the assertion that other disclosed material contains similar information, such as in this matter. The Court is not swayed by Plaintiffs' claims that they have sufficiently complied with the requested discovery, and therefore the Court turns to application of the *Erenhaus* factors to determine what sanctions might be appropriate. *See Erenhaus*, 956 F.2d at 921.

As to factor one—the degree of actual prejudice to the other party—the Defendant has certainly been prejudiced by this needless extension of the litigation process and the costs associated with Plaintiffs' noncompliance. Defendant also argues that allowing the case to go forward without the requested discovery would leave them "stuck with whatever Plaintiffs say." ECF No. 15 ¶ 21. Plaintiffs contend this statement is incorrect, as both claims for special and general damages are based upon figures that are accessible in the documents they have already provided. ECF No. 16 at 8–13. Moreover, Plaintiffs argue the Defendant has not suffered any prejudice regarding discovery opportunities since the Court has stayed all depositions until these discovery issues are resolved. *Id.* at 12.

The Court is sympathetic to Defendant's repeated attempts to obtain the withheld discovery withheld by the Plaintiffs. But it is also aware of the partial response from Plaintiffs with documentation that will allow the Defendant to evaluate claims for special and general damages, at least in part. *See* ECF No. 16. Still, Plaintiffs appear to be withholding W-2s and tax documents that are undoubtedly important to evaluating their claims for special and general damages. While the Defendant is not "stuck with whatever [the] Plaintiffs say," he would be significantly disadvantaged. Therefore, factor one favors imposing sanctions.

As to factor two—the amount of interference with the judicial process—Plaintiffs have needlessly drawn out the litigation process far beyond the original discovery deadline and past the deadlines imposed by Court order regarding discovery. This discovery violation could have and should have been remedied following the first court-ordered deadline of November 2, 2023. Any further discovery and depositions have been halted and this case is essentially at a standstill. *See* ECF No. 14. Therefore, factor two weighs in support of imposing sanctions.

As for factor three— the culpability of the litigant—Defendant has asked the Plaintiffs for documents that are necessary to substantiate and assess the damages in this case. Mr. Shehu's W-2s and Dr. Cumani's federal income tax returns are documents upon which their claims for lost income, lost wages, and damage to reputation are established and may be refuted by the opposing party. *See Whatcott v. City of Provo*, 171 F.App'x 733, 736 (10th Cir. 2006) (unpublished opinion). This case cannot move forward unless the Plaintiffs produce this discovery, and the Court sees no valid reason for Plaintiff's failure

to produce these documents and blatant disregard for court-ordered compliance in this matter. The Court can only conclude that the Plaintiffs are culpable in failing to produce Dr. Cumani's federal income tax returns and Mr. Shehu's W-2s and other federal tax returns. Therefore, factor three weighs in favor of imposing sanctions.

As for factor four— whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance—this Court has issued two separate orders that ought to have impressed upon Plaintiffs the severity of their collective non-compliance. ECF Nos. 13; ECF No. 14. In the latter discovery conference, Judge Rankin also gave leave to the Defendant to move for sanctions if the Plaintiffs continued to flout this Court's orders. ECF No. 14. Plaintiffs have now interacted with the contours of Rule 37 twice and should be aware of what sanctions they risked by failing to produce the requested discovery. This Order shall serve as a final warning to the Plaintiffs that a lack of compliance will result in sanctions. Therefore, factor four weighs in favor of imposing sanctions.

As for factor five— the efficacy of lesser sanctions—Plaintiffs are holding onto important information required to prove and test their claims for lost income, lost wages, and reputation. Without this information, the Defendant will be disadvantaged by being kept from highly relevant information. The proceedings have already been stayed pursuant to Rule 37(b)(2)(A)(iv). ECF. No. 14. This Court believes it to be unjust to allow this case to move forward without Plaintiff complying fully with the discovery process. The implication of sanctions in this matter and the degree of such possible sanctions do not seem to influence Plaintiffs' compliance with court-ordered discovery.

In summation, the *Erenhaus* factors weigh heavily in favor of sanctions and this Court's evaluation of Plaintiff's noncompliance suggests that Plaintiffs' discovery violations are severe enough to warrant dismissal. However, this Court is still hesitant to reach the merits of Plaintiffs' claims without offering one final opportunity to comply. *See Erenhaus*, 956 F.2d at 921. At the prompting of factor five, the Court hopes that Plaintiffs' continuing discovery violations might be remedied by allowing one final extension. If Plaintiffs fail to comply within fourteen (14) business days of the entry of this Order, the Court will grant Defendant's *Motion for Sanctions*. *See* ECF No. 15.

## CONCLUSION

Accordingly, Plaintiffs are **HEREBY ORDERED** to produce all outstanding discovery within **14 BUSINESS DAYS** from the entry of this order. *See* ECF No. 13; *see also* ECF No. 14.

**IT IS FURTHER ORDERED**, that if Plaintiffs fail to comply with the Court's outstanding discovery orders (ECF No. 13; ECF No. 14) and fail to sufficiently respond to Defendant's discovery requests on or by April 24, 2024, the Court will enter a subsequent order granting Defendant's *Motion for Sanctions* (ECF No. 15; *see* ECF No. 21).

**IT IS FURTHER ORDERED**, that if Plaintiffs fail to comply, the Defendant shall notify the Court through a filed status update. Upon notice, the Court shall strike Plaintiffs' claims for lost wages, lost income, and reputation and preclude Plaintiffs from introducing, attempting to introduce, or alluding to any documents and evidentiary materials with respect to their claims for lost wages, lost income, and reputation.

10

If Plaintiff complies, their claims will be preserved, and this case can finally continue.

Dated this 4th day of April, 2024

Alan B. Johnson
United States District Judge