**FILED**



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

10:21 am, 4/15/24

**Margaret Botkins**
**Clerk of Court**

BLENDI CUMANI, M.D., and
RONALD SHEHU,

           Plaintiffs,

v.

CHRIS QUEEN,

           Defendant.

Case No. 23-CV-55-ABJ

## ORDER GRANTING MOTION TO QUASH SUBPOENA DUCES TECUM [27]

THIS MATTER is before the Court on non-party Park County Prosecuting Attorney's *Motion to Quash a Subpoena Duces Tecum*. [ECF No. 27]. The Court, having carefully considered the Motion, Response, and Reply finds that Park County's request to quash the subpoena should be **GRANTED**.

### BACKGROUND

Plaintiffs, Dr. Blendi Cumani and Roland Shehu, bring the current lawsuit under 42 U.S.C. § 1983 against former Wyoming Game and Fish Department Warden Chris McQueen for wrongful arrest and prosecution. [ECF No. 1]. In 2019, Plaintiffs were charged with killing and abandoning elk, in violation of Wyo. Stat. Ann. § 23-3-303(a).

[ECF No. 2, at 3-4]. However, both Plaintiffs were found not guilty by a Park County jury in September 2020.[1] This action followed.

In January 2024, Plaintiffs subpoenaed Park County for their criminal case files, specifically: "All documents and tangible items in the possession, custody, or control of the Park County and Prosecuting Attorney that relate to, evidence, or concern Case Nos. CR-2020-0009, CR-2020-0034, and/or CR-2020-0035." [EFC No. 27-1]. Park County moves to quash this subpoena because these case files contain the prosecutor's work product and interagency memorandum or letters that are privileged under the Wyoming Public Records Act. Additionally, Park County argues the subpoena is duplicative and unduly burdensome because any unprivileged materials were already disclosed to the Plaintiffs through discovery in their criminal case under Wyo. R. Crim. P. 16(a) and are available through other sources such as the Wyoming Game and Fish Department. According to Park County, the subpoena is also overbroad "on its face" because it demands "[a]ll documents and tangible files[,]" thus resembling a "fishing expedition," and is further overbroad/unduly burdensome since the subpoena captures privileged materials. [ EFC No. 27, at 3; ECF No. 29, at 3].

Plaintiffs in their Response argue that their request is relevant to their case to prove that Defendant had no probable cause to support the "arrest, confinement, or prosecution" of the Plaintiffs and "to probe and test the credibility and consistency of the former game warden's testimony[.]" [ECF No. 28 at *2]. Additionally, Plaintiffs argue the subpoenaed

---

[1] In the present case, Plaintiffs do not allege any wrongdoing on behalf of Park County, which is not a party to this litigation. *See Id.*

documents are public records under the Wyoming Public Records Act and Park County cannot make blanket objections and must instead "make specific objections to specific materials" under that Act. [ECF No. 28, at 4].

## RELEVANT LAW

Rule 45 of the Federal Rules of Civil Procedure (F.R.C.P) governs subpoenas, and generally, "[a] rule 45 subpoena is the proper and only method to conduct discovery of a nonparty." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 397–98 (D.N.M. 2018). Additionally, "[i]t is well settled that the scope of discovery of a subpoena is the same as the scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure." *McKinney v. Granite Peak Fabrication, LLC*, No. 19-CV-266-J, 2021 WL 7252981, at *1 (D. Wyo. Aug. 24, 2021). According to Rule 26 of the F.R.C.P., parties to a lawsuit

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The purpose of this Rule is to allow broad discovery of relevant information, even if that information is not admissible at trial. *Id.* The broad reach of discovery permitted under Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649–50 (D.N.M. 2007) (quotations and citations omitted).

3

While parties may request a broad scope of discovery, they are not permitted to conduct a "fishing expedition" in an attempt to support their claims or defenses. *Richards v. Convergys Corp.*, No. 2:05-CV-00-790-DAK, 2007 WL 474012, at *2 (D. Utah Feb. 7, 2007) (citing *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)); *United States v Nixon*, 418 U.S. 683, 699-700 (1974). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002). Additionally, "[a] trial court has broad discretion with respect to discovery and a reviewing court will not set aside a trial court's decision unless it abused its discretion." *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *2 (citing *Shaklee Corp. v. Gunnel*, 748 F.2d 548, 550 (10th Cir. 1984)).

Rule 45 "governs both motions to compel compliance with and motions to quash a subpoena served on a nonparty." *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2018 WL 2980879, at *2 (D. Kan. June 13, 2018). A nonparty objecting to a Rule 45 subpoena may raise challenges by filing a motion to quash or modify. *In re EpiPen*, 2018 WL 2980879, at *2; Fed. R. Civ. P. 45(d)(2)(B). Accordingly, courts must, on a timely motion, quash or modify a subpoena on

> one of four grounds. . . namely: (1) unreasonable time for compliance; (2) travel in excess of 100 miles; (3) disclosure of privileged information;[2] and (4) undue burden. The burden of

---

[2] Regarding privileges: "The Tenth Circuit recognizes: (1) the work product doctrine, (2) the deliberative process privilege, (3) a law enforcement evidentiary privilege, and (4) a consultative privilege." *Callahan v. Unified Gov't*, No. 11-2621-KHV, 2013 WL 2151579, at *3 (D. Kan. May 16, 2013) (citing *U.S. v. Winner*, 641 F.2d 825 (10th Cir.1981)).

establishing grounds for quashing the subpoena rests with the
moving party.

*See Mgmt. Nominees, Inc. v. Alderney Inv., LLC,* No. 13-CV-140-J, 2013 WL 1137451, at

*1 (D. Wyo. Nov. 22, 2013); *see* Fed. R. Civ. P. 45(d)(3)(A). In addition to these four

quashing grounds, "the court must examine whether a request contained in a subpoena is

*overly broad* or seeks irrelevant information under the same standards as set forth in Rule

26(b) and as applied to Rule 34 requests for production." *Goodyear Tire & Rubber Co. v.*

*Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003)

(emphasis added) (citations omitted). Further, "[a] subpoena may subject a party

to undue burden where it is facially overbroad." *Hinkel v. Colling*, No. 20-CV-166-NDF,

2021 WL 1341357, at *7 (D. Wyo. Apr. 9, 2021) (citing *Wiwa v. Royal Dutch Petroleum*

*Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). A subpoena recipient's status as a non-party is a

"factor that weighs against disclosure," *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663,

and "the court may also consider the expense and inconvenience to the non-party." *Wiwa*,

392 F.3d at 818.  Lastly, when it comes subpoenaing a non-party prosecutor, the requesting

parties "must establish the relevance of the requested information under Fed R. Civ. P.

26 and, as a general rule, must show a compelling need to do so and that the information

is not available from another source." *Callahan v. Unified Gov't*, No. 11-2621-KHV, 2013

WL 2151579, at *4 (D. Kan. May 16, 2013) (internal citations omitted).

## DISCUSSION

Movant Park County asserts that the subpoena at issue is unduly burdensome, is

overly broad, and requests the disclosure of privileged information. The Court will first

5

address whether Plaintiff's subpoena is overbroad and unduly burdensome. Then, the Court will determine Park County's obligation, if any, regarding confidential information that could be encompassed by the subpoena's requests, as "[a] party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

## I.   Overbreadth of Plaintiff's Request

"Courts within the Tenth Circuit have noted that discovery requests may be facially overbroad when they use terms such as "any and all," "referencing," or "pertaining to" with respect to a broad category of documents." *In re Hillin*, No. 0:21-MC-00155-JMC-MLC, 2021 WL 7285354, at *3 (D. Wyo. Aug. 18, 2021) (citing *J White, L.C. v. Wiseman,* No. 2:16-cv-01179-CW-JCB, 2020 WL 3507408, at *2 (D. Utah June 29, 2020)). Here, Plaintiffs' subpoena requests "[a]ll documents and tangible items in the possession, custody, or control of the Park County and Prosecuting Attorney that relate to, evidence, or concern" their criminal case files. [EFC No. 27-1]. The Plaintiffs' use of the words "all" and "relate to" in the broadly defined category of their criminal case files, indicates that this discovery request, on its face, may be overbroad.

Further, Plaintiffs admit in their Response that they seek information to prove Defendant McQueen had no probable cause to support their "arrest, confinement, or prosecution" and "to probe and test the credibility and consistency of the former game warden's testimony" [ECF No. 28 at *2]. Thus, Plaintiffs' request for "[a]ll documents and tangible files" related to their criminal files is not limited or tailored to information pertaining to Defendant/former game warden McQueen and his testimony in the criminal

trial, nor is the request tailored to seeking information regarding probable cause. *See Callahan v. Unified Gov't*, 2013 WL 2151579, at *4 (holding that a subpoena issued to a non-party prosecutor was overbroad because the request is not limited to the officers connected to the civil case); *see also McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *4-5 ("The requests are also overbroad in that they seek ALL documents and communications without offering any justification. Subpoena requests must be narrowly tailored to the pertinent issues of the case… the request for ALL information casts too wide a net and would require [the subpoenaed party] to expend unnecessary time and expense compiling information that has little or no bearing on this case.") While it may be possible for the Plaintiffs to make the necessary showing for certain specific documents and topics that are relevant for their case, the general request seeking all records is not specifically tailored enough and is therefore overbroad. *See Richards v. Convergys Corp.*, No.2:05-CV-00-790-DAK, 2007 WL 474012, at *4 (D. Utah Feb. 7, 2007) (observing that while the subpoenaed entities may possess documents that would produce relevant evidence, blanket requests for all documents regarding employment are overly broad).

*Undue Burden*

Courts consider the following factors when determining whether a subpoena creates an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *In re Hillin*, No. 0:21-MC-00155-JMC-MLC, 2021 WL 7285354, at *6 (D. Wyo. Aug. 18, 2021).

First, similar to the overbreadth analysis, courts within the Tenth Circuit have held that "a request or interrogatory is unduly burdensome on its face if it uses the omnibus term 'relating to' or 'regarding' with respect to a general category or group of documents." *Aikens v. Deluxe Fin. Serv.s, Inc*., 3 217 F.R.D. 533, 538 (D. Kan. 2003). Plaintiffs' use of the words "relate to" in their subpoena does not modify a specific document, but instead refers generally to their criminal case files. As such, the subpoena is unduly burdensome on its face. *Id*. ("[T]he Court is hard pressed to even determine the outer boundaries of Plaintiffs' [general] requests. The Court therefore concludes that the requests, even as limited by Plaintiffs, are unduly burdensome on their face.")

Second, these subpoena requests appear duplicative of documents the Plaintiffs should already have in their possession from their criminal trial. On the one hand, "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a nonparty as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a nonparty." *Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 4:08MC00017 JLH, 2008 WL 4853620, at *2 (E.D. Ark. Nov. 6, 2008). On the other, however, "nonparties enjoy considerable protection from discovery requests." *Simon v. Taylor*, No. CIV 12–0096 JB/WPL, 2014 WL 6633917, at *21 (D.N.M. Nov. 18, 2014).

Here, Park County asserts Plaintiffs' subpoena requests information from Park County that is also subject to disclosure under Wyoming Rules of Criminal Procedure Rule 16(a). Plaintiffs do not address this argument. Their Response has provided that one reason for subpoenaing Park County is to show that Defendant McQueen had no probable cause

8

to initiate the criminal proceedings underlying this civil suit. [EFC No. 28, at 2]. However, probable cause affidavits and any information prosecutors intend to use as part of their case-in-chief are disclosed to criminal defendants in Wyoming pursuant to Wyoming Law. *See, e.g., Albarran v. State*, 2013 WY 111, ¶ 13, 309 P.3d 817, 820 (Wyo. 2013) ("The State also argues there was no prejudice because the … probable cause affidavit gave the [criminal defendant] sufficient notice of the facts the State would use to prove that the [criminal defendant] inflicted bodily injury on the victim."); *see also* Wyo. R. Crim. P.16(a)(1)(c) ("Upon written demand of the defendant, the state shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which… are intended for use by the state as evidence in chief at the trial, or were obtained from or belong to the defendant"). The Plaintiffs fail to explain what information, if any, they expect to receive from a subpoena that has not already been provided to them from their criminal trial, or why they do not have this information in their possession anymore.

Park County also asserts that Plaintiffs could request these documents from the Wyoming Game and Fish Department (WGFD) since this suit was brought against Defendant McQueen for actions within the scope of his employment, and WGFD is his employer. Rule 26 of the F.R.C.P. also states that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative *or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive*." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). WGFD likely has Plaintiffs' criminal case file, and

those case files are less likely to contain the prosecuting attorney's work product. Thus, without considering any legal barriers here, the WGFD may be an option for Plaintiffs to obtain relevant, non-privileged documents.

Third, on the other side of the spectrum of requesting duplicative information, Plaintiffs also seek privileged information in Park County's criminal case files. The fact that the Plaintiffs have subpoenaed duplicative documents in addition to privileged information further exacerbates the burden placed on Park County. While the Plaintiffs' Response points to relevant reasons for requesting the Plaintiffs' criminal case files, complying with the subpoena requires Park County to potentially expend considerable time and resources dredging through the requested files and removing any privileged information from the documents. *See e.g, McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *4. In fact, the Plaintiffs' Response spells out the burden their subpoena places on Park County: "Park County must make specific objections to specific materials, and must prove that the Wyoming Court's two-prong test is met as to each item to which the objection is made[.]" [EFC No. 28 at *4] (emphasis included in the original). Thus, along with removing privileged information, Park County would also have to provide legal analysis for why any privileged information was withheld, as Plaintiffs have not shown good cause to override any prosecutorial privilege and receive insight about prosecutorial decision-making. *See Callahan v. Unified Gov't*, No. 11-2621 KHV, 2013 WL 2151579, at *4 (D. Kan. May 16, 2013).

Moreover, Plaintiffs' subpoena lacks specificity regarding whether the information they seek from Park County falls somewhere on the spectrum between duplicative

information and information protected by privilege. In their Response, Plaintiffs admit that "while some materials may be investigatory" and protected under the Wyoming Public Records Act. [ECF No. 28, at 4]. "Other materials, such as drafts of the Probable Cause Affidavit, communications to and from third party witnesses, and communications to and from the former game warden, may not be." *Id.*; *see also* Wyo. Stat. Ann. 16-4-203(b)(1) (West 2024). This statement reveals the Plaintiffs themselves are unsure of the scope of their request, which burdens non-party Park County to determine which documents in the criminal files would correctly respond to the subpoena. *Aikens v. Deluxe Fin. Serv.s, Inc.*, 217 F.R.D. at 538 (explaining the requests in the subpoena "are so broad and open-ended that [the subpoenaed party] could not fully determine—without undue burden—which documents would be responsive.").

Furthermore, it appears Plaintiffs are essentially shifting the responsibility onto a non-party to fill information gaps in their case by requesting the non-party determine and provide the nonduplicative and nonprivileged information the Plaintiffs need. This situation contrasts with normal discovery principles, where the party seeking discovery has the initial burden of demonstrating what entitles it to the discovery. *See e.g.*, *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 ("Demonstrating relevance is the burden of the party seeking discovery.") (internal citations omitted); *McKellips v. Kumho Tire Co., Inc.*, 305 F.R.D. 655, 671 (D. Kan. 2015) ("...the courts place the burden on the party seeking discovery of other tires to demonstrate the tires are substantially similar to the subject tire."); *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 610 (10th Cir. 2017) ("It is Finn's burden, as the party seeking discovery, to demonstrate his entitlement to

jurisdictional discovery and the resulting prejudice from its denial."); *Dental Dynamics, LLC v. Jolly Dental Grp.*, 946 F.3d 1223, 1233 (10th Cir. 2020). ("The party seeking discovery bears the burden of showing prejudice.") Since the Plaintiffs have not tailored their request with any particularity, such a request upon a non-party amounts to a fishing expedition and places an undue burden on Park County. *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *4.

Subpoenaing Park County without more specificity would require Park County to produce duplicative information while simultaneously ensuring Park County undergoes the efforts of removing privileged information. This is an inefficient use of Park County's resources while providing unclear, yet unlikely, added value to the Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1). Considering the six factors for undue burden: Plaintiffs' vague requests for unspecified documents renders their need indeterminable, the breadth of their document request is too expansive and burdens Park County to figure out which documents are even responsive, the subpoena lacks particularity in its entirety, and the subpoena imposes a fairly hefty burden on Park County considering the simplicity and breadth of the request. *In re Hillin*, 2021 WL 7285354, at *6 (citing *Hinkel v. Colling*, 2021 WL 1341357, at *7). Thus, the factors all point to the Plaintiff's subpoena placing an undue burden on Park County.

## II.    **Plaintiff's Request for Privileged Materials**

Here, Park County has moved to quash Plaintiffs' subpoena based not only on undue burden and overbreadth grounds, but also on privilege grounds. [ EFC No. 27 at 3; ECF No. 29, at 3]. As discussed above, Plaintiffs seek documents that by their very nature

are likely to be protected under attorney-client privilege and/or protectable under the Wyoming Public Records Act. Additionally, "Rule 45 states "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *5 (citing Fed. R. Civ. P. 45(d)(1)). Furthermore:

> At this point in the litigation, it appears at least portions of the documents requested in the Rule 45 subpoenas seek the same or substantially similar information that the Plaintiffs should already have in their possession. This supports the notion that the information can be obtained from a more convenient, less expensive, and less burdensome source. Additionally, as stated above, Plaintiff's Rule 45 subpoenas are overbroad and unduly burdensome, and Defendant may have already produced some of the pertinent information in response to Plaintiff's discovery requests.

*Id.* All of these factors indicate that the scope of Plaintiff's subpoena requires this Court to quash this subpoena because it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Further analysis into the scope of Park County's privileged information is not necessary, as asking Park County to respond to the subpoena "would trigger the very burdensome obligation to prepare a privilege log" the F.R.C.P. seek to protect non-parties from. *See Aikens v. Deluxe Financial Serv.s, Inc.*, 217 F.R.D. at 539.[3] Especially when the requested information facially appears to encompass privileged information.

---

[3] Federal Rule of Civil Procedure Rule 45 also requires courts to quash subpoenas that "require[] disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

## CONCLUSION

"'Control of discovery is entrusted to the sound discretion of the trial courts and trial courts are granted broad discretion in fashioning the terms and conditions of discovery." *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *6 (citing *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)). The Court will exercise its discretion and quash Plaintiffs' subpoena. Given the analysis above, the Court finds the subpoena to be overly broad, places an undue burden on a non-party, and inherently requests privileged information.

**NOW, THEREFORE, IT IS ORDERED** non-party Park County Prosecuting Attorney's Motion to Quash a Subpoena Duces Tecum [Doc. 27] is **GRANTED**.

Dated this ___15th___ day of April, 2024

Alan B. Johnson
United States District Judge