

**FILED**

**Margaret Botkins**
**Clerk of Court**

4:00 pm, 5/1/24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

BLENDI CUMANI, M.D., and
RONALD SHEHU,

      Plaintiffs,

v.

CHRIS QUEEN,

      Defendant.

Case No. 2:23-CV-00055-ABJ

## ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS

THIS MATTER comes before the Court on *Defendant's Motions for Sanctions for the Plaintiffs' Ongoing Violations of this Court's Discovery Orders (ECF Nos. 13 & 14)* (hereinafter "Motion for Sanctions") filed on November 22, 2023. ECF No. 15. Due to Blendi Cumani ("Dr. Cumani") and Ronald Shehu's ("Mr. Shehu") (collectively "Plaintiffs") failure to comply with two of Magistrate Judge Kelly Rankin's discovery orders, Defendant requested[1] that this Court strike Plaintiffs' claims for special damages, including lost income, lost wages, and reputational damages, and preclude Plaintiffs from presenting evidence of special damages in any further proceedings, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii)(iii). ECF No. 15 ¶ 25. Plaintiffs filed their *Response in Opposition to Defendant's Motion for Sanctions* (hereinafter "Plaintiffs' Response") on November 26,

---

[1] In a later memorandum, Defendant removed an initial request for sanctions regarding Plaintiffs' claims for attorneys' fees. ECF No. 21 ¶ 12.

2023. ECF No. 16. In their *Response*, Plaintiffs argue they have appropriately complied with both discovery orders and have produced sufficient documentation to support their claims for special damages. *Id.*

The Court issued a final order on the disputed discovery, allowing Plaintiff an additional fourteen (14) days to produce all outstanding discovery. ECF No. 39. On April 25, 2024, Defendant filed a *Notice of Plaintiff's Violation* indicating that Plaintiffs had again failed to comply with court-ordered discovery. ECF No. 46. Plaintiff s responded with the same contentions they have supplied throughout this discovery dispute, claiming "Plaintiffs have complied with discovery orders and have produced to Defendants the documents that prove their lost wage and income claims" and there are "no tangible documents relevant to reputation injury resulting from a wrongful criminal prosecution." ECF No. 47. Defendant filed a reply in opposition on April 25, 2024. ECF No. 48. The Court held a status conference on April 30, 2024, and this order summarizes the Court's position on the matter.

Having considered the written submissions, the applicable law, and being otherwise fully advised, the Court finds Defendant's *Motions for Sanctions for the Plaintiffs' Ongoing Violations of this Court's Discovery Orders (ECF Nos. 13 & 14)* is **GRANTED**. (ECF No. 15). The Court will strike Plaintiffs' claims for lost income and lost wages, and introducing, attempting to introduce, or alluding to any documents and evidentiary materials with respect to their claims for lost wages and lost income. The Court allow Plaintiffs' claim for reputational damage to proceed; however, Plaintiffs are precluded from introducing, attempting to introduce, or alluding to the documents and evidentiary materials Plaintiffs

failed to produce in discovery following the Court's orders compelling production, including the disputed personal financial documents and evidence at issue in the Court's most recent order compelling production. *See* ECF No. 13; *see also* ECF No. 14; ECF No. 39. Such evidence includes, but is not limited to, Mr. Shehu's tax returns, Mr. Shehu's W-2s, and Dr. Cumani's tax returns. Plaintiff may not otherwise present evidence of Mr. Shehu's tax "summaries" or tax "transcripts" in lieu of Mr. Shehu's authenticated tax returns.

## BACKGROUND

On October 4, 2023, Magistrate Judge Kelly H. Rankin held an informal discovery call regarding the Plaintiffs' failure to respond to the Defendant's request for production and interrogatories. During the discovery call, Plaintiffs acknowledged they had not fully complied with the discovery requests and consequently, the magistrate judge ordered Plaintiffs to fully respond to all outstanding discovery requests by November 2, 2023. ECF No. 13. Plaintiffs failed to fully comply with the first order, and another informal discovery call was held. The magistrate judge entered a second order compelling Plaintiffs to respond with all outstanding discovery by November 11, 2023. ECF No. 14. In that order, the Court stayed all depositions until the outstanding discovery issues were resolved and granted leave for the Defendant to file for sanctions if the Plaintiffs failed to adequately respond to the Court's second order compelling discovery.

To date, Dr. Cumani has failed to respond to Defendant's Third Request for Production to Plaintiff Cumani, which specifically asks for all his federal income tax returns filed since 2017. *See* ECF No. 15-11. Dr. Cumani has turned over W-2s from 2017–

2022, but the federal tax returns requested by the Defendant remain outstanding. *See* ECF No. 16 at 3–8. Dr. Cumani has not objected to the request for production but merely asserts that his tax returns should be sufficient.

Likewise, Mr. Shehu has failed to respond to the Defendant's Third Request for Production to Plaintiff Shehu, which specifically asks for all his W-2s and federal income tax returns filed since 2017. *See* ECF No. 15-12. Mr. Shehu has failed to produce any W-2s but has disclosed federal income tax returns for 2017 and 2018 and federal income tax summary statements for 2019–2022. ECF No. 16 at 14–16. Mr. Shehu has not objected to the request for production but similarly asserts that his current disclosures are sufficient.

## STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions for a party's failure to comply with discovery orders. These sanctions may include, but are not limited to, the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court, the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court has discretion to impose any such sanction that is "just and related to the particular claim which was at issue in the order to provide

4

discovery." *Ehrenhaus v. Reynolds*, 956 F.2d 916, 921 (10th Cir. 1992). Therefore, an appropriate sanction is "limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (citations and internal quotation marks omitted).

Generally, before imposing sanctions—especially sanctions which would reach the merits of the case—courts in the Tenth Circuit consider what are called the *Ehrenhaus* factors. These factors include:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. These factors are not exhaustive, nor are the factors necessarily of equal weight.

*Erenhaus*, 956 F.2d at 921. These factors are not a "rigid test;" rather, they represent criteria for this Court to consider. *Erenhaus*, 956 F.2d at 921. Courts are cautious to impose dismissal as a sanction, and generally only do so "when the aggravating factors outweigh the judicial systems' strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citations and internal quotation marks omitted).

## DISCUSSION

As to the claim for damages in this matter, Plaintiffs make the following statements: "Dr. Cumani and Mr. Shehu were placed in and personally experienced substantial fear of being imprisoned and of having their professional and personal reputations irreparably damaged."; "Dr. Cumani and Mr. Shehu were forced to take substantial and unwanted time

5

away from their professional and personal lives to defendant themselves, at a substantial loss of income and hardship to each."; and "Dr. Cumani and Mr. Shehu suffered damages as described above as the direct and proximate result of these deprivation and violations of their civil and constitutional rights." ECF No. 1-2, ¶ 21, 23, 35. Due to Plaintiffs' collective failure to comply with the three separate orders of this Court, Defendant reiterates its request that the Court enter an order "striking Plaintiffs' claims for lost wages, lost income, and reputation and preclude Plaintiffs from introducing, attempting to introduce, or alluding to any documents and evidentiary materials with respect to their claims for lost wages, lost income, and reputation." ECF No. 46. Plaintiffs assert that they have sufficiently complied with the Court's discovery orders. ECF No. 16 at 8–13; ECF No. 47. However, as evidenced by the continued judicial intervention into the discovery process, this representation from the party is incorrect. As Defendant has indicated, Dr. Cumani has failed to provide his federal income tax returns from 2017–2022 and Mr. Shehu has yet to provide his W-2s from 2017–2022 and federal income tax returns for 2019–2022. ECF No. 21 ¶¶ 6–7; ECF No. 46. Plaintiffs continue to withhold these documents despite continued requests from the Defendant and three court orders compelling the production of these documents.

The Tenth Circuit has held that tax returns are not generally discoverable except for "when the plaintiff's income is directly in issue." *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974). In the instant case, Plaintiffs have placed their income at issue. *See Hamner v. Associated Wholesale Grocers, Inc.*, No. 07-CV-2314-KHV-DJW, 2008 WL

917900, at *1 (D. Kan. Mar. 31, 2008) ("Plaintiff has put his income at issue by seeking economic losses."). Under Federal Rule of Civil Procedure 26(a):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(a). The outstanding discovery contains important financial information that is directly relevant to Plaintiffs' claims for compensatory damages in the form of lost wages, lost income, and damage to reputation and will likely be the basis upon which these claims are established and refuted. Courts in this district have ordered production of tax returns in such circumstances. *See Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 517 (N.D. Okla. 2003) ("[courts] have compelled production of income tax returns where a litigant himself tenders an issue as to the amount of the income."); *See Gomez v. Wal-mart Stores E., L.P.*, No. 2:23-CV-268 MIS/KRS, 2024 WL 964241, at *3 (D.N.M. Mar. 6, 2024) (holding that a defendant was entitled to discover W-2s in a lost income case since it will help evaluate the plaintiff's claims); *See Biliske v. Am. Live Stock Inc. Co.*, 73 F.R.D. 124, 126 (W.D. Okla. 1977) (holding that the business and financial records of a plaintiff are discoverable by the defendant to test plaintiff's claims for damaged reputation and lost income).

Defendant's inquiry during depositions of each respective Plaintiff indicates these documents exists, are within the Plaintiffs' control, and are readily available for disclosure.

ECF No. 48-1; ECF No. 48-1; *see also* Fed. R. Civ. P. 34. Plaintiffs are not entitled to withhold discovery upon the assertion that other disclosed material contains similar information, such as in this matter. The Court is not swayed by Plaintiffs' claims that they have sufficiently complied with the requested discovery, and therefore the Court turns to application of the *Erenhaus* factors to determine what sanctions might be appropriate. *See Erenhaus*, 956 F.2d at 921. The Court incorporates its analysis in its previous order but summarizes the same herein. ECF No. 39.

As to factor one—the degree of actual prejudice to the other party—the Defendant has certainly been prejudiced by this needless extension of the litigation process and the costs associated with Plaintiffs' noncompliance. Defendant further prejudiced by proceeding with the deposition of both Plaintiffs without the requested discovery or opportunity to address verified financial documents for each Plaintiff. The Court is sympathetic to Defendant's repeated attempts to obtain the withheld discovery withheld by the Plaintiffs, and the Court is similarly perplexed by the lack of objection, remedy, or meaningful explanation by Plaintiffs' given the consistent non-compliance with several court orders. Therefore, factor one favors imposing sanctions.

As to factor two—the amount of interference with the judicial process—Plaintiffs have needlessly drawn out the litigation process far beyond the original discovery deadline and past the deadlines imposed by Court order regarding discovery. This discovery violation could have and should have been remedied following the first court-ordered deadline of November 2, 2023. Therefore, factor two weighs in support of imposing sanctions due to the Plaintiffs' significant interference with the judicial process.

As for factor three—the culpability of the litigant—Defendant has asked the Plaintiffs for documents that are necessary to substantiate and assess the damages in this case. Mr. Shehu's W-2s and Dr. Cumani's federal income tax returns are documents upon which their claims for lost income, lost wages, and damage to reputation are established and may be refuted by the opposing party. *See Whatcott v. City of Provo*, 171 F.App'x 733, 736 (10th Cir. 2006) (unpublished opinion). Plaintiffs have not provided a reason for the collective failure to produce these documents and the blatant disregard for court-ordered compliance in this matter. The Court can only conclude that the Plaintiffs are culpable in failing to produce Dr. Cumani's federal income tax returns and Mr. Shehu's W-2s and other federal tax returns. Therefore, factor three weighs in favor of imposing sanctions.

As for factor four— whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance—this Court has issued two separate orders that ought to have impressed upon Plaintiffs the severity of their collective non-compliance. ECF Nos. 13; ECF No. 14. The Court issued one subsequent order compelling production and explaining the sanctions to be imposed if Plaintiffs did not comply. ECF no. 39. The Court also inquired about the outstanding discovery during a recent status conference and Plaintiffs' counsel indicate the party would comply. Therefore, factor four weighs in favor of imposing sanctions.

As for factor five— the efficacy of lesser sanctions—Plaintiffs are withholding important information required to prove and test their claims for lost income, lost wages, and reputation. Without this information, the Defendant is disadvantaged should their damages claims proceed. The implication of sanctions in this matter and the degree of such

possible sanctions have not influenced Plaintiffs' compliance with court-ordered discovery, as this is the third and final time Plaintiffs have flouted a court order.

In summation, the *Erenhaus* factors weigh heavily in favor of sanctions and this Court's evaluation of Plaintiff's noncompliance suggests that Plaintiffs' discovery violations are severe enough to warrant the sanctions Defendant requests.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**, Defendant's *Motions for Sanctions for the Plaintiffs' Ongoing Violations of this Court's Discovery Orders (ECF Nos. 13 & 14)* is **GRANTED**. (ECF No. 15).

**IT IS FURTHER ORDERED**, the Court will strike Plaintiffs' claims for lost income and lost wages. Plaintiffs are further prohibited from introducing, attempting to introduce, or alluding to any documents and evidentiary materials with respect to their claims for lost wages and lost income.

**IT IS FURTHER ORDERED**, the Court will allow Plaintiffs' claim for reputational damage to proceed; however, Plaintiffs are precluded from introducing, attempting to introduce, or alluding to the documents and evidentiary materials that Plaintiffs failed to produce in discovery following the Court's orders compelling production, including the disputed personal financial documents and evidence at issue in the Court's most recent order compelling production. See ECF No. 13; see also ECF No. 14; ECF No. 39. Such evidence includes, but is not limited to, Mr. Shehu's tax returns, Mr. Shehu's W-2s, and Dr. Cumani's tax returns. Plaintiff may not otherwise present evidence

of Mr. Shehu's tax "summaries" or tax "transcripts" in lieu of Mr. Shehu's authenticated tax returns.

Dated this 1st day of May, 2024

Alan B. Johnson
United States District Judge