Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov

Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLENDI CUMANI, M.D., and ROLAND SHEHU, <br><br> Plaintiff, <br><br> v. <br><br> CHRIS QUEEN, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Case No. 23-CV-55-ABJ |

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' LISTED EXHIBITS

Defendant Chris Queen hereby objects to admission of the following exhibits listed by plaintiffs in this matter:

| Ex | Bates No. | Objection |
|---|---|---|
| 9 | CUMANI-SHEHU 1165 | Rules 401-03, Fed.R.Evid. The exhibit lists Tyler Viles as a criminal defendant. Viles is not a party to this case and his prosecution is irrelevant, will confuse the issues and is unduly prejudicial. Introducing evidence as to the Viles prosecution will require Queen to defend his prosecution as well, which is wholly irrelevant, confusing and prejudicial. In addition, Queen did not choose to charge and prosecute Viles and did not choose the specific charge against him (and did not do so as to the plaintiffs in this case). |

| 12 | CUMANI-SHEHU 112-13 | Rules 401-403, 802.  The exhibit is an undated "To Whom It May Concern" letter by Darrell Steward, an alleged ballistics expert.  The letter is hearsay.  The letter is also irrelevant, confusing and unduly prejudicial since it was not provided to Queen prior to his execution of a probable cause affidavit.  The document was not provided until a supplemental production in this case.  Pursuant to Rule 37(c)(1), Fed.R.Civ.P., Steward also cannot testify at trial due to plaintiffs' violation of the pretrial order regarding experts (ECF No. 11 at ¶ 11) and Rule 26(a)(2), Fed.R.Civ.P. |
| --- | --- | --- |
| 13 | CUMANI-SHEHU 2663 | Authenticity, foundation and relevance.  The exhibit is a map.  It refers to something called the "Eaglenest Basin Quadrangle".  There is no witness to testify it is related in any way to this case. The document also was not provided to Queen prior to his execution of a probable cause affidavit.  The document was not provided until a supplemental production in this case. |
| 15 | CUMANI-SHEHU 1643-45 | Authenticity, foundation and hearsay.  The document is an e-mail from Joey (now Judge) Darrah to Brad Booke.  Judge Darrah represented Cumani in the criminal case.  The document is hearsay.  The document also admittedly is not based on any billing records, which the document states are lost.  The document also does not state what, if any amount, was paid by Cumani.  Cumani failed to produce either billing records or records of payment in his disclosures and in response to Defendant's Sixth Request for Production of Documents, No. 1.  In his discovery response, Cumani merely referenced the email. |
| 16 | CUMANI-SHEHU 129 | Rules 401-403, 802.  The exhibit is document stating Dr. Cumani is certified by the American Board of Surgery in general and hand surgery.  The exhibit is hearsay.  Cumani's certification also is not at issue in the case.  In addition, while Cumani previously made an argument of lost wages and earnings somehow related to a delay in his certification as a hand surgeon, the Court struck his claim for those damages.  (*See* ECF No. 52 at 10).  The Court also "prohibited [Plaintiffs] from introducing, attempting to introduce, or alluding to any documents or evidentiary materials with respect to their claims for lost wages and lost income." (*Id.*). |

| 17 | CUMANI-SHEHU 2646-48 | Rules 401-403, 802. The exhibit is a document from the American Board of Surgery stating that Dr. Cumani had passed an examination for his certification as a hand surgeon. The exhibit is hearsay. The examination also is not at issue in the case. In addition, while Cumani previously made an argument of lost wages and earnings somehow related to a delay in his certification, the Court struck his claim for those damages. (*See* ECF No. 52 at 10). The Court also "prohibited [Plaintiffs] from introducing, attempting to introduce, or alluding to any documents or evidentiary materials with respect to their claims for lost wages and lost income." (*Id.*). Defendant notes that Dr. Cumani failed the examination shortly before the hunting trip in question. |
| --- | --- | --- |
| 18 | CUMANI-SHEHU 2649-54 | Rules 401-403, 802. The exhibit has to do with a recertification of Dr. Cumani by the American Board of Surgery in general and hand surgery. The exhibit is hearsay. The certification or recertification of Dr. Cumani also is not at issue in this case. In addition, while Cumani previously made an argument of lost wages and earnings somehow related to a delay in his certification, the Court struck his claim for those damages. (*See* ECF No. 52 at 10). The Court also "prohibited [Plaintiffs] from introducing, attempting to introduce, or alluding to any documents or evidentiary materials with respect to their claims for lost wages and lost income." (*Id.*). |
| 20 | CUMANI-SHEHU 128 | Foundation, hearsay. The exhibit is an email from plaintiff Shehu to an unidentified person about certain alleged expenses in this matter. The exhibit is hearsay. The exhibit also lacks foundation, in that Shehu concedes in the document that he has no receipts. |
| 24 | CUMANI-SHEHU 144 | Rules 401-403. The exhibit is irrelevant, confusing and unduly prejudicial because it merely duplicates expenses shown on Exhibit 22 ($35.00 for United Airlines, $831.60 for Legacy Inn and Suites and $455.27 for Hertz Dollar Thrifty). |
| 26 | CUMANI-SHEHU 1696-2531 | Rules 401-403, 802. The exhibit is the transcripts of the four-day jury trial in this case. Given its size, defendant is not submitting it to the Court. The exhibit is hearsay, largely if not entirely irrelevant and also confusing to the jury and unduly prejudicial. Defendant also has no idea |

3

|  |  | how the nearly 1,000 pages of transcript could be introduced and used by the jury anyway. |
|--|--|--|

Based on the foregoing and such arguments as may be made at the pretrial conference and at trial, as well as subsequent developments in the case, defendant respectfully requests that the Court disallow the identified exhibits. Defendant retains and reserves all objections to all exhibits at trial.

DATED this 11th day of September, 2024.

*/s/ Timothy W. Miller*
Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov

Attorneys for Defendant

4

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this 11th day of September, 2024, a true and correct copy of the foregoing **Reply Memorandum in Support of Defendant's Motion for Sanctions for Plaintiffs' Ongoing Violations of This Court's Discovery Orders (ECF Nos. 13 and 14)** was served as indicated below:

Bradley L. Booke, Bar No. 5-1676            [✓] CM/ECF
Law Office of Bradley L. Booke
P.O. Box 13160
Jackson, Wyoming 83002
brad.booke@lawbooke.com

                                                */s/ Kathy Lackey*
                                                Kathy Lackey, Paralegal
                                                Office of the Wyoming Attorney General