Bradley L. Booke  #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1641
866-297-4863 Fax
brad.booke@lawbooke.com

Attorney for Plaintiffs

Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLENDI CUMANI, M.D., ) <br> ROLAND SHEHU, ) <br> ) <br>    Plaintiffs, ) <br> ) <br>  vs. ) <br> ) <br> CHRIS QUEEN, ) <br> ) <br>    Defendant. ) | No. 23-CV-55-ABJ |

## JOINT FINAL PRETRIAL MEMORANDUM

Counsel for the parties in the above captioned matter hereby jointly submit this Joint Final Pretrial Memorandum.

(a)  *Jurisdiction and Parties.*

Briefly set out why the court has full and complete jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state the problem.

1

There are no unresolved jurisdictional issues. This Court has federal question jurisdiction under 28 U.S.C. § 1331. This action arises under 42 U.S.C. § 1983. The defendant was a game warden employed by the State of Wyoming Game & Fish Department, acting within the course and scope of his employment, and acting under color of state law at the time of the events that give rise to this action, which occurred in Park County, Wyoming, within this judicial district. The plaintiffs are individual citizens and residents of the states of North Dakota and Pennsylvania.

(b)     *General Nature of the Claims and Contentions of the Parties.*

State concisely in separate paragraphs what each party claims.

Plaintiffs Blendi Cumani, M.D. and Roland Shehu allege that they were wrongfully arrested, detained, and prosecuted, without probable cause, by and as a result of the actions of Defendant Chris Queen acting in his capacity as a game warden for the Wyoming Game & Fish Department. Dr. Cumani and Mr. Shehu were charged on January 17, 2020 with abandoning and wasting two elk on October 27, 2019, in violation of W.S. § 23-3-303(a). Both entered not guilty pleas, demanded jury trials, and were acquitted on September 9, 2020 following a four-day jury trial in Park County, Wyoming.[1]

Defendant Queen alleges that he had arguable reasonable suspicion and probable cause to detain plaintiffs and that plaintiffs cannot establish the elements of a malicious prosecution claim, which was not caused by Queen anyway. Queen alleges he has qualified immunity from plaintiffs' claims. Queen alleges he is entitled to summary judgment based on his pending motion therefor.

(c)     *Uncontroverted Facts.*

---

[1] Dr. Cumani and Mr. Shehu were being guided during their October 27, 2019 hunt by licensed guide, Tyler Viles, who was employed by licensed outfitter Brett Richmond.

List all facts which have been stipulated and admitted and require no proof.[2]  Defendant states that he is joining in this list only in the event his motion for summary judgment is denied in full.[3]

1.  On January 16, 2020, Defendant Queen executed an Affidavit of Probable Cause.[4]

2.  On January 17, 2020, a Misdemeanor Information was filed in *State v. Cumani,* Criminal Docket No. 2020-34-00, Circuit Court of the Fifth Judicial District for Park County.

3.  On January 17, 2020, a Misdemeanor Information was filed in *State v. Shehu,* Criminal Docket No. 2020-35-00, Circuit Court of the Fifth Judicial District for Park County.

4.  On February 28, 2020, Mr. Shehu entered a Not Guilty plea to the charge of violating W.S. § 23-3-303(a).[5]

---

[2] In response to plaintiffs' footnote nos. 4-6 below, defendant states: By its terms, this section is for "facts which have been stipulated and admitted and require no proof." Despite plaintiffs' efforts, defendant cannot be required to stipulate or agree to anything. Moreover, for example, it is not uncontroverted that the prosecution was based Queen's probable cause affidavit (referenced below). His probable cause affidavit does not state that anyone committed any crime. In addition, the prosecution of Tyler Viles (referenced below), who is not a plaintiff herein, is wholly irrelevant to the issues in this case and any reference thereto confuses the issues and is unduly prejudicial. Finally, the quoted language from the summons is irrelevant because it does not constitute a seizure as a matter of law, despite plaintiffs' apparent hope to argue it does constitute a seizure (*see* ECF No. 34 at 31). *See, e.g., Leon v. Summit Cnty.,* 755 F. App'x 790, 796 (10th Cir. 2018) (quoted and cited at ECF No. 34 at 31).

[3] Queen does not stipulate to any facts in the event his motion for summary judgment is granted in full or in part.

[4] The Affidavit of Probable Cause executed by Defendant Queen is, incorporated by reference on the face of the Information identified in Uncontroverted Facts 2 and 3 that next follow, and the Affidavit of Probable Cause is the basis for the criminal charges against Dr. Cumani and Mr. Shehu, as well as the charges against Mr. Tyler Viles, their hunting guide, who was also charged with the same crime arising out of the same events. Plaintiffs propose that these facts be included in the Uncontroverted Facts section because they are *verbatim* matters of judicial record, but Defendant refuses to stipulate to these facts.

[5] Summonses were issued to Dr. Cumani and Mr. Shehu based upon the Informations identified in Uncontroverted Facts 2 and 3, alleging that each had committed the offense of abandoning and wasting elk in violation of W.S. § 23-3-303(a), punishable under W.S. § 23-6-202(a)(v), by imprisonment for not more than six (6) months, a fine of not more than one thousand dollars ($1,000.00), or both, and stating that **"AN ARREST WARRANT SHALL ISSUE IF YOU FAIL TO APPEAR."**. Plaintiffs propose that these facts be included in the Uncontroverted Facts section because they are *verbatim* matters of judicial record, but Defendant refuses to stipulate to these facts.

5. On March 6, 2020, Dr. Cumani entered a Not Guilty plea to the charge of violating W.S. § 23-3-303(a).

6. After a trial,[6] Dr. Cumani and Mr. Shehu were acquitted of the charge of violating W.S. § 23-3-303(a) on September 4, 2020.

7. On September 9, 2020, a Judgment of Acquittal was entered in favor of Dr. Cumani.

8. On September 9, 2020, a Judgment of Acquittal was entered in favor of Mr. Shehu.

(d) *Contested Issues of Fact.*

Plaintiffs list the following contested issues of fact necessary to final disposition of the case:

1. Was there probable cause that the crime of abandoning and wasting elk in violation of W.S. § 23-3-303(a) was committed on October 27, 2019?

2. Was there probable cause that Dr. Cumani committed the crime of abandoning and wasting elk in violation of W.S. § 23-3-303(a) on October 27, 2019?

3. Was there probable cause that Mr. Shehu committed the crime of abandoning and wasting elk in violation of W.S. § 23-3-303(a) on October 27, 2019?

4. Did Dr. Cumani sustain special damages as a result of the criminal charges and criminal prosecution? If so, in what amount?

5. Did Mr. Shehu sustain special damages as a result of the criminal charges and criminal prosecution? If so, in what amount?

---

[6] Dr. Cumani, Mr. Shehu, and Mr. Viles demanded jury trials; the Court ordered a consolidated jury trial for all three persons charged; Defendant Queen, Mr. Peters, Mr. Worstell, and Mr. Leonetti all testified at trial; and a unanimous six-person jury acquitted Dr. Cumani, Mr. Shehu, and Mr. Viles. Plaintiffs propose that these facts be included in the Uncontroverted Facts section because they are matters of judicial record, but Defendant refuses to stipulate to these facts.

6. Did Dr. Cumani sustain general damages as a result of being detained and prosecuted? If so, in what amount?

7. Did Mr. Shehu sustain general damages as a result of being detained and prosecuted? If so, in what amount?

Defendant Queen lists the following contested issues of fact necessary to final disposition of the case, only in the event his motion for summary judgment is denied in full.[7]

*Alleged Unlawful Detention or Arrest*

1. As to those elements of the claims that constitute issues of fact, did Queen violate the Fourth Amendment to the United States Constitution with respect to either the alleged arrest or detention of Cumani on October 27, 2019?

2. As to those elements of the claims that constitute issues of fact, did Queen violate the Fourth Amendment to the United States Constitution with respect to either the alleged arrest or detention of Shehu on October 27, 2019?

3. Did Queen arrest Cumani on October 27, 2019?

4. Did Queen arrest Shehu on October 27, 2019?

5. Did Queen detain Cumani on October 27, 2019?

6. Did Queen detain Shehu on October 27, 2019?

7. Did Cumani agree to go to Richmond's house and stay there on October 27, 2019?

8. Did Shehu agree to go to Richmond's house and stay there on October 27, 2019?

---

[7] Defendant Queen states that he contends there are no genuine disputes of material fact and he is entitled to judgment as a matter of law.

9. Did Queen have arguable reasonable suspicion to allegedly conduct an investigative detention of Cumani on October 27, 2019?[8]

10. Did Queen have arguable reasonable suspicion to allegedly conduct an investigative detention of Shehu on October 27, 2019?[9]

11. Did Queen have arguable probable cause to allegedly arrest Cumani on October 27, 2019?[10]

12. Did Queen have arguable probable cause to allegedly arrest Shehu on October 27, 2019?[11]

13. Did the alleged unlawful detention or arrest of Cumani on October 27, 2019 proximately cause him to suffer any damages? If so, in what amount?

14. Did the alleged unlawful detention or arrest of Shehu on October 27, 2019 proximately cause him to suffer any damages? If so, in what amount?

*Alleged Malicious Prosecution*

15. As to those elements of the claims that constitute issues of fact, did Queen violate the Fourth Amendment to the United States Constitution with respect to the prosecution of Cumani?

16. As to those elements of the claims that constitute issues of fact, did Queen violate the Fourth Amendment to the United States Constitution with respect to the prosecution of Shehu?

17. Was the prosecution of Cumani pursued by the prosecutor without probable cause?

18. Was the prosecution of Cumani pursued by the prosecutor without probable cause?

19. Did Queen proximately cause Cumani's prosecution?

---

[8] Queen is simply reserving this issue, in the event summary judgment is denied; the issue is one of law.
[9] Queen is simply reserving this issue, in the event summary judgment is denied; the issue is one of law.
[10] Queen is simply reserving this issue, in the event summary judgment is denied; the issue is one of law.
[11] Queen is simply reserving this issue, in the event summary judgment is denied; the issue is one of law.

20. Did Queen proximately cause Shehu's prosecution?

21. Did Queen act with malice towards Cumani in connection with his prosecution?

22. Did Queen act with malice towards Shehu in connection with his prosecution?

23. Did Dr. Cumani incur attorneys' fees and costs as a proximate result of an alleged malicious prosecution by Defendant? If so, what was the amount of reasonable attorneys' fees and costs?

24. Did Mr. Shehu incur attorneys' fees and costs as a proximate result of an alleged malicious prosecution by Defendant? If so, what was the amount of reasonable attorneys' fees and costs?

25. Did Dr. Cumani sustain any other damages (excluding any alleged lost wages or lost income) as a proximate result of the alleged malicious prosecution? If so, in what amount?

26. Did Mr. Shehu sustain any other damages (excluding any alleged lost wages or lost income) as a proximate result of the alleged malicious prosecution? If so, in what amount?

(e) *Contested issues of law.*

Plaintiffs contend the following issues of law exist:

1. Did Defendant Queen violate the Fourth Amendment to the United States Constitution with respect to the arrest, detention, or prosecution of Dr. Cumani on October 27, 2019?

2. Did Defendant Queen violate the Fourth Amendment to the United States Constitution with respect to either the alleged the arrest, detention, or prosecution of Mr. Shehu on October 27, 2019?

3. Did Dr. Cumani incur attorneys' fees and costs as a proximate result of the arrest, detention, or prosecution? If so, in what amount?

4. Did Mr. Shehu incur attorneys' fees and costs as a proximate result of the arrest, detention, or prosecution? If so, in what amount?

5. Did Dr. Cumani sustain any other damages (excluding any alleged lost wages or lost income) as a proximate result of the arrest, detention, or prosecution? If so, in what amount?

6. Did Mr. Shehu sustain any other damages (excluding any alleged lost wages or lost income) as a proximate result of the arrest, detention, or prosecution? If so, in what amount?

Defendant contends the following issues of law exist:

1. Whether Queen is entitled to summary judgment on Cumani's unlawful detention or arrest claim.

2. Whether Queen is entitled to summary judgment on Shehu's unlawful detention or arrest claim.

3. Whether Queen is entitled to summary judgment on Cumani's malicious prosecution claim.

4. Whether Queen is entitled to summary judgment on Shehu's malicious prosecution claim.

5. Whether arguable reasonable suspicion existed for the alleged investigatory detention of Plaintiffs.

6. Whether arguable probable cause existed for the alleged arrest of Plaintiffs.

7. Whether the prosecution of Cumani was pursued by the prosecutor without probable cause.

8.      Whether the prosecution of Shehu was pursued by the prosecutor without probable cause.

9.      Whether Queen violated Plaintiffs' clearly established constitutional rights with respect to their unlawful arrest/detention claims.

10.      Whether Queen violated Plaintiffs' clearly established constitutional rights with respect to their malicious prosecution claims.

11.      Whether qualified immunity bars Mr. Cumani's claims.

12.      Whether qualified immunity bars Mr. Shehu's claims.

(f) *Agreed Applicable Propositions of Law.*

Plaintiff contends the following proposition of law applies to this action:

Probable cause exists if the facts within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed an offense. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005). Probable cause is determined under an objective standard based on the facts as they would have appeared to prudent, cautious, and trained police officers. *Id.*; *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999).

Defendant denies that the foregoing proposition of law is agreed under the circumstances of this case. Defendant states that, to the extent summary judgment is denied, the issue is one of arguable probable cause. Defendant also does not agree the foregoing propositions apply in the context of a malicious prosecution claim.

(g) *Exhibits.*

Each counsel must attach to this Joint Final Pretrial Memorandum a list of all exhibits to be offered and must provide copies of all such exhibits to opposing counsel. This rule applies to rebuttal exhibits except in the limited circumstances when the exhibits cannot be anticipated.

Exhibits must be listed and marked in accordance with Local Rule 16.2(b)(3).

Any counsel requiring authentication of an exhibit must so notify in writing the offering counsel within seven (7) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

Exhibits listed in the Joint Final Pretrial Memorandum may be admitted into evidence unless opposing counsel has filed timely separate written objections, with copies of the disputed exhibit and authority.

Plaintiffs' exhibits are listed and marked in accordance with Local Rule 16.2(b)(3) on Exhibit 1 hereto.

Defendant's exhibits are listed and marked in accordance with Local Rule 16.2(b)(3) on Exhibit 2 hereto.

(h) *Depositions.*

List any matters and issues to be considered relating to depositions. The Court also notes here that any party proposing to offer all or any portion of a deposition shall notify opposing counsel at least ten (10) business days before trial of the offers to be made (unless the necessity for using the deposition develops unavoidably thereafter). If objection is to be made, or if additional portions of a deposition are to be requested, opposing counsel will notify offering counsel at least seven (7) business days before trial of such objections or requests.

Plaintiffs have taken the depositions of Defendant Queen, Brian Peters, and Heath Worstell. Plaintiffs contend that the transcripts of these depositions will be used if these witnesses do not appear at trial.[12] Defendant retains and reserves objection to the use of any deposition for purposes of trial testimony.

(i) *Discovery.*

State whether discovery has been completed or identify any outstanding issues regarding discovery that must be addressed by the Court.

Discovery is complete.

(j) *Witnesses.*

Each party shall list and attach to the Joint Final Pretrial Memorandum the names and addresses of witnesses, indicating whether the witness will or may be called, and shall also include a brief statement of the subject matter and substance of the testimony of the listed witness. The parties must state whether the witness is or is not available for trial.

Plaintiffs' Witness List is attached as Exhibit 3.

Defendant's Witness List is attached as Exhibit 4.

(k) *Amendments to Pleadings.*

State whether there are requests to amend pleadings and describe the nature of the requested amendment.

No amendments are presently anticipated.

(l) *Motions in Limine.*

State whether any party will file or has filed a motion in limine.

---

[12] Trial subpoenas and witness fees have been served to Brian Peters and Heath Worstell. ECF Nos. 54-55.

**All motions in limine must be filed on or before the date the Joint Final Pretrial Memorandum is due.**

Plaintiff will file one or more motions in limine.

Defendant Queen will file one or more motions in limine.

(m)  *Pending Motions.*

List any other outstanding pending motions.

Defendant's motion for summary judgment is pending.

(n)  *Jury Instructions.*

The parties shall also submit their respective requests for instructions, proposed verdict forms and proposed voir dire questions seven (7) business days prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated.  Each party is to submit a separate concise statement of their contentions no longer than one and one-half pages in length.  Requests for instructions are to include one set with authority and one additional set ready for submission to the jury; no signature block on the bottom of each instruction is necessary.  Proposed Jury Instructions, Special Verdict forms and proposed voir dire shall be submitted in writing and filed, as usual, <u>and</u> also sent as an attachment via email directly to Judge Johnson's Chambers, wyojudgeabj@wyd.uscourts.gov, formatted for Wordperfect or Word.

(o) *Other Matters.*

List any other matters that the parties believe should be considered by the Court and discussed during the Final Pretrial Conference.

Plaintiffs request that the admissibility of evidence concerning the attorney's fees incurred by Dr. Cumani and Mr. Shehu to be discussed. Dr. Cumani was represented by Mr. Darrah, who is now a sitting judge. Mr. Shehu was represented by Brigita Krisjansons.

(p) *Trial Setting.*

Include in this paragraph the following:

- Whether the trial will be jury or non-jury.

This is a jury trial.

- The probable length of trial;

Plaintiffs state that the trial is set for five (5) days. Defendants note that the Order Continuing Trial and Pretrial Dates states that the anticipated length of trial is 3-4 days. (ECF No. 45).

- Availability of witnesses.

Dr. Cumani, Mr. Shehu, Tyler Viles, Brett Richmond, Fred Crain, and Jack Peterson are available for trial. Brian Peters, Heath Worstell, and Darrell Steward are subpoenaed to appear.

Defendant Queen is available to testify at trial. Defendant Queen states that he is relying on plaintiffs' subpoenas with respect to Peters and Worstell.

(q) *Settlement.*

Include a statement addressing whether or not all settlement efforts have been exhausted and whether the case can reasonably be expected to settle.

Plaintiffs made a settlement offer to Defendant on April 25, 2024. Defendant has not responded. Defendant does not believe the case can reasonably be expected to settle at this point, subject to subsequent developments in the case.

Dated this 11th day of September, 2024.

/s/ Bradley L. Booke
COUNSEL FOR PLAINTIFFS

/s/ Timothy W. Miller
COUNSEL FOR DEFENDANT