Bradley L. Booke   #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1641
866-297-4863 Fax
brad.booke@lawbooke.com
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **BLENDI CUMANI, M.D. and ROLAND SHEHU,** ) ) ) | |
| Plaintiffs, ) | Case No. 23-CV-55-ABJ |
| v. ) | |
| **CHRIS QUEEN,** ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION *IN LIMINE* #3**
**TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING THE ELK THAT WERE THE SUBJECT OF THE CRIMINAL CHARGES**

Plaintiffs respectfully move the Court for its order *in limine* precluding Defendant Queen from giving or eliciting testimony, or making comment in the presence of the jury, that there were eyewitnesses or earwitnesses to Dr. Cumani or Mr. Shehu shooting, wounding, or abandoning the elk that were the subject of the criminal charges in the underlying criminal action. Plaintiffs further respectfully request that the Court enter its order in limine precluding Defendant's counsel from eliciting testimony, or making comment in the presence of the jury, that there were eyewitnesses

or earwitnesses to Dr. Cumani or Mr. Shehu shooting, wounding, or abandoning the elk that were the subject of the criminal charges in the underlying criminal action.

Simply put, there were no such witnesses, and those witnesses on whose statements Defendant Queen's "Affidavit of Probable Cause" was based have denied under oath in deposition that they were eyewitnesses or otherwise have personal knowledge that either Dr. Cumani or Mr. Shehu shot, wounded, or abandoned the elk that were the subject of the underlying criminal proceeding. Moreover, Defendant Queen has admitted under oath in his deposition that he had no eyewitness evidence and no hearsay evidence to support his claim that Dr. Cumani or Mr. Shehu shot, wounded, or abandoned the elk that were the subject of the underlying criminal action. Accordingly, allowing any such testimony or comment in the presence of the jury would be false and misleading to the jury and, depending on the circumstances, sanctionable. The facts and circumstances relevant to this motion are as follows:

## SUMMARY OF FACTUAL RECORD AS CONTEXT FOR THIS MOTION

Based on the actions of Defendant Queen, who was then an agent of the Wyoming Game & Fish Department, Dr. Blendi Cumani and Mr. Roland Shehu were charged on January 17, 2020 with abandoning and wasting elk on October 27, 2019, in violation of W.S. § 23-3-303(a), for which each faced the potential for imprisonment for not more than six (6) months, a fine of not more than one thousand dollars ($1,000.00), or both. The Informations charging Dr. Cumani and Mr. Shehu are attached as Exhibits 1 and 2, respectively, to this motion.

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 2 of 8

Both entered not guilty pleas, both demanded jury trials, and both were acquitted on September 4, 2020 following a four-day jury trial in Park County, Wyoming. The Judgments of Acquittal are attached as Exhibits 3 and 4, respectively, to this motion.

The record demonstrates that Defendant Queen did not have reasonable suspicion, reasonably trustworthy information, or probable cause to believe that Dr. Cumani or Mr. Shehu shot, wounded, killed, or abandoned the elk for which he caused them to be prosecuted. Defendant Queen admits in his deposition in this case that he had no eyewitness, hearsay, or ballistic evidence that would enable him to determine whether Dr. Cumani, Mr. Shehu, or some other person shot or wounded or killed the elk that were the subjects of the criminal prosecution. (Exhibit 5)

The uncontroverted record shows the absence of any eyewitness or earwitness evidence as follows:

On the early morning of October 27, 2019, Dr. Blendi Cumani, Mr. Roland Shehu, and George Schnell were taken on an elk hunt by Tyler Viles, a hunting guide employed by a Cody, Wyoming outfitting service owned and operated by Brett Richmond. The hunt was on the Two Dot Ranch on Heart Mountain near Cody.

Shortly before 8:00 am, George Schnell shot a bull elk while possessing a cow elk tag. The bull had stepped in front of the cow as Mr. Schnell fired, wounding the bull. The shot was not fatal, Mr. Viles, instructed Mr. Schnell to shoot again and kill the bull. Schnell did so.

Mr. Viles immediately called Mr. Richmond and reported what had happened. Mr. Richmond immediately called Defendant Queen, who was then 2½ hours away in Sunlight Basin,

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 3 of 8

Wyoming. On the phone call, Defendant Queen screamed at Mr. Richmond about prior hunting events that were unrelated to the event Mr. Richmond was reporting.

While Defendant Queen drove from Sunlight Basin to the Two Dot Ranch, he spoke by phone to Brian Peters and Heath Worstell, two individuals in the Heart Mountain area. Mr. Peters and Mr. Worstell testified in their depositions that neither saw Dr. Cumani or Mr. Shehu shoot at or wound any elk. (Exhibits 6 and 7, respectively). Defendant Queen knew that when he arrived at the location of the hunt.

At the location of the hunt, Defendant Queen met with Dr. Cumani, Mr. Shehu, and George Schnell. Dr. Cumani, who is a surgeon in Minot, North Dakota, told Defendant Queen that he had surgeries scheduled for the next morning and that he needed to make the nine-hour drive back to North Dakota. Mr. Shehu, who operates a home health care service in Philadelphia, had driven to Cody with Dr. Cumani and needed to leave with him. After being so informed, Defendant Queen ordered Dr. Cumani and Mr. Shehu not to leave, directed them to go Mr. Richmond's home, and directed them to stay there until they heard further from him. (Exhibit 8)

Between six and eight hours later, in the late afternoon or early evening of October 27, 2019, Defendant Queen drove his truck to Mr. Richmond's house carrying the elk that he claimed were illegally shot. Mr. Richmond asked to look at the elk to examine the wounds. Mr. Richmond could see one of the elk from where he and Defendant Queen were standing and the foreleg wound that Defendant Queen claimed was a gunshot wound appeared to Mr. Richmond to be a "wire cut" which is a scraping, flesh wound caused by a wire fence. Mr. Richmond asked Defendant Queen to allow him to look at the second elk and Defendant Queen refused. (Exhibit 8).

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 4 of 8

Defendant Queen then spoke with Dr. Cumani and Mr. Shehu who reiterated that they needed to leave. Defendant Queen apologized for detaining them, told them they did not shoot the elk, and released them. (Exhibit 9)

Approximately three months later, in January 2020, Defendant Queen prepared a "Probable Cause Affidavit" that was the basis for and was incorporated into a criminal Information charging Dr. Cumani and Mr. Shehu with abandoning and wasting the elk that Defendant Queen claims to have found on October 28, 2019, the day after Dr. Cumani and Mr. Shehu had been hunting. (See page 2 of Exhibits 1 and 2). Defendant Queen admitted in his deposition that he did not determine and cannot say which of Dr. Cumani or Mr. Shehu shot or wounded or killed which of the elk that were the subjects of the prosecutions. (Exhibit 5)

## LAW APPLICABLE TO THIS MOTION

A party who discovers false testimony before trial can move in limine to exclude the false testimony, present evidence of falsity to the jury to impeach the witness, or—if the party discovers falsity on the eve of trial—move for a continuance or for additional discovery. *Nosewicz v. Janosko*, 857 Fed. Appx. 465, 471 (10th Cir. 2021). Rule 3.3 of the Wyoming Rules of Professional Conduct provides that the duty of candor toward the tribunal includes a duty not to "(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false." Wyo. R. State Bar, Att'y Cond. & Prac.

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 5 of 8

## ANALYSIS

The two persons on whose statements Defendant Queen relied in drafting his "Affidavit of Probable Cause" are Heath Worstell and Brian Peters. Both have testified under oath that neither has personal knowledge that either Dr. Cumani or Mr. Shehu shot, wounded, or abandoned the elk that are the subject of the underlying criminal proceeding that gives rise to this action. Defendant Queen himself has testified that he knows of no eyewitness or hearsay evidence that either Dr. Cumani or Mr. Shehu shot, wounded, or abandoned the elk that are the subject of the underlying criminal proceeding that gives rise to this action. Defendant Queen has gone even further in testifying that he has no evidence as to which of Dr. Cumani or Mr. Shehu shot which of the two elk that both were charged with shooting, wounding, and abandoning.

Under the circumstances of the evidentiary record in this case, it would be false and misleading for Defendant Queen to testify at trial to having obtained information an eyewitness or earwitness to the crimes that were alleged in the underlying proceeding. Likewise, it would be false and misleading for Defendant's counsel to elicit any such testimony, from Defendant Queen or from any other witness, or to make comment to that effect in the presence of the jury.

While Plaintiffs do not, by this motion, make any accusation that Defendant or Defendant's counsel would engage in such conduct, even an inadvertent statement in the presence of the jury could create the need for mistrial and retrial, at substantial expense to the Court and to Plaintiffs. A limiting or curative instruction could not, with any degree of certainty, "unring the bell."

/ / / / /

/ / / / /

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 6 of 8

**CONCLUSION**

For these reasons, Plaintiffs respectfully submit that the Court enter its order *in limine* precluding Defendant Queen from giving testimony that there were eyewitnesses or earwitnesses to Dr. Cumani or Mr. Shehu shooting, wounding, or abandoning the elk that were the subject of the criminal charges in the underlying criminal action.  Further, Plaintiffs respectfully request that the Court enter its order in limine precluding Defendant's counsel from eliciting testimony, or making comment in the presence of the jury, that there were eyewitnesses or earwitnesses to Dr. Cumani or Mr. Shehu shooting, wounding, or abandoning the elk that were the subject of the criminal charges in the underlying criminal action.

DATED this 11th day of September, 2024.

/s/ Bradley L. Booke
Bradley L. Booke
250 Veronica Lane, Suite 204
P.O. Box 13160
Jackson, Wyoming 83002
702-241-1631 (Telephone)
866-297-4863 (Facsimile)
brad.booke@lawbooke.com

Attorney for Plaintiffs

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 7 of 8

CERTIFICATE OF SERVICE

I certify that I served the foregoing pleading this 11th day of September, 2024, to:

Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-3608
(307) 777-8920 Facsimile
tim.miller@wyo.gov
prentice.olive@wyo.gov
Attorneys for Defendant

    /s/ Bradley L. Booke

PLAINTIFFS' MOTION *IN LIMINE* #3
TO PRECLUDE DEFENDANT QUEEN AND DEFENDANT'S COUNSEL FROM GIVING OR ELICITING TESTIMONY, OR MAKING COMMENT IN THE PRESENCE OF THE JURY, THAT THERE WERE EYEWITNESSES OR EARWITNESSES TO DR. CUMANI OR MR. SHEHU SHOOTING, WOUNDING, OR ABANDONING ELK THAT WERE THE SUBJECT OF THE UNDERLYING CRIMINAL PROCEEDING

Page 8 of 8